FARMERS' LOAN & TRUST CO. *v.* HOUSTON & T. C. RY. CO. *et al.*

(*Circuit Court, E. D. Texas.* October 20, 1890.)

FORECLOSURE OF MORTGAGES—JURISDICTION—PARTIES—SUBSTITUTED SERVICE.

Where a railroad which is in the hands of a receiver appointed by a United States circuit court is sold under a decree of foreclosure to satisfy a junior deed of trust, and, while the property is still being administered by the court through its receiver, suit is brought in the same court against the company by the trustee in the elder deed of trust to foreclose it, the court having jurisdiction of the subject-matter has authority to make the purchaser under the first foreclosure sale, which was made subject to the prior deed of trust, a party defendant, and to order substituted service of process upon him, notwithstanding the fact that he is a citizen of the same state as complainant.

In Equity. Motion of George E. Downs to set aside substituted service of process.

*Willie, Mott & Ballinger,* for complainant.
*Rouse & Grant,* for defendant Downs.

PARDEE, J. In the case of *Nelson S. Easton and James Rintoul, Trustees, and The Farmers' Loan & Trust Company, Trustee,* vs. *The Houston & Texas Central Railway Company,* a decree was rendered on the 4th day of May, 1888, for the sale of the Houston & Texas Central Railway, including that division of said railway known as the "Waco & Northwestern Division." The decree directed this particular division (Waco & Northwestern) to be sold in satisfaction of a deed of trust carrying a lien upon the property subsequent in date to a deed of trust held by the Farmers' Loan & Trust Company, upon which last deed of trust this proceeding is based. The aforesaid decree ordered the sale to take place subject to said prior deed of trust to the Farmers' Loan & Trust Company, and the sale was so thereafter made, the present mover, Downs, becoming the purchaser. The sale under the decree aforesaid was afterwards confirmed by the court, and the deed passed to the purchaser, which deed stated that it was made subject in all respects to the lien of the first mortgage in favor of said Farmers' Loan & Trust Company. At the time the decree aforesaid was rendered, and the sale made thereunder, and at the time the Farmers' Loan & Trust Company, trustee, instituted the present suit to foreclose the first mortgage upon the Waco &

Northwestern Division, and at the time of substituted service upon Downs, the said Houston & Texas Central Railway, including the Waco & Northwestern Division, was in the hands of a receiver appointed by this court in the case of *Easton and Rintoul et al.* vs. *The Houston & Texas Central Railway Company,* which receiver was holding and managing the said property under the orders of this court. The present suit was instituted against the Houston & Texas Central Railway Company as the only party defendant to the suit. By subsequent amendment, it was prayed that Downs be made a defendant also, as the purchaser of the property under the decree and proceedings aforesaid. On December 3, 1889, it being made to appear to the court that this suit is one commenced to enforce a lien upon real and personal property within the jurisdiction of the court at the time of the institution of the suit, and that the defendant George E. Downs is not an inhabitant of, or found within, the eastern district of Texas, but that he is a resident citizen of the city of Brooklyn, N. Y., an order was issued requiring said Downs to appear and plead to the suit. And this order having been served upon him, he did appear at the time appointed and pleaded that, at the date of the filing of the complaint, he was, and still was, a citizen of the same state as the complainant, to-wit, the state of New York, and could not be impleaded in the cause, this court being without jurisdiction in the premises; and thereupon obtained an order staying proceedings until the questions presented could be passed upon. That this court had lawful jurisdiction for the foreclosure of the mortgages, for the satisfaction of which the sale was made under which Downs bought, is not disputed. That such sale was ordered, and the deed to Downs made and accepted by him expressly reserving the rights to the complainant, is equally clear. It is not denied that the property was in the lawful custody of this court, which was administering it through a receiver appointed in the case of *Easton and Rintoul* vs. *The Houston & Texas Central Railway Company* when this present suit was commenced. It is not suggested that Downs is not a necessary and proper party to the present suit. It is clear that he could voluntarily make himself a party for the protection of his rights, and that without ousting the jurisdiction of the court. The question then to be determined at this time is whether, under the circumstances of this case as stated, the court has authority to make Downs a party defendant, and direct substituted service of process upon him. If the court has jurisdiction over the property and over Downs, there can be no question of the right to substituted service under the eighth section of the judiciary act of 1875. That it has jurisdiction of the property and of Downs' rights therein, notwithstanding the said Downs is a citizen of the same state as the complainant, presents a question that has been affirmatively decided by the supreme court of the United States in a number of cases. See *Minnesota Co.* v. *St. Paul Co.,* 2 Wall. 609; *Bank* v. *Calhoun,* 102 U. S. 256; *Krippendorf* v. *Hyde,* 110 U. S. 276, 4 Sup. Ct. Rep. 27; *Covell* v. *Heyman,* 111 U. S. 176, 4 Sup. Ct. Rep. 355. For these reasons it is ordered that the motion of George E. Downs of January 22, 1890, be denied, and that the order of

said date staying proceedings in said cause, so far as they should affect said Downs, be vacated, and that the said Downs be ordered to plead, answer, or demur to said bill of complainant within 20 days from this date.