## SALEY v. BLACK PANTHER OIL & GAS CO. et

(Circuit Court of Appeals, Eighth Circuit.  March 25, 1922.)

### No. 5963.

Courts ⬨⬌278—Federal court held to have jurisdiction, after dismissal as to government, the property involved being in hands of receiver.

Where the government filed a bill in federal District Court to cancel an allotment made to an Indian, and on the death of the Indian various persons intervened and claimed to be his heirs, and a receiver was appointed to take care of the property, and thereafter the United States was dismissed from the cause, jurisdiction in the court continued until title to the property and the fund should be finally adjudicated and distributed to those entitled to receive the same, though it thereby determined controversies that arose wholly between citizens of the same state.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Frank A. Youmans, Judge.

Bill by the United States to cancel an allotment made to Barney Tholocco, a citizen by blood of the Creek Tribe, in which the Black Panther Oil & Gas Company and another became interested.  From an adverse decree, Saley, a Seminole, roll No. 74, appeals.  Affirmed.

D. A. Richardson, of Oklahoma City, Okl., Leon C. Phillips, of Okemah, Okl., and E. R. Jones and E. H. Foster, both of Muskogee, Okl., for appellant.

Charles B. Stuart, of Oklahoma City, Okl. (Joseph C. Stone, of Muskogee, Okl., M. K. Cruce, of Oklahoma City, Okl., C. Guy Cutlip, of Wewoka, Okl., and A. J. Ward, of Tulsa, Okl., Creek National Atty., on the brief), for appellees.

Sid White, of Okemah, Okl., filed motion to suppress parts of brief of appellees.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

LEWIS, Circuit Judge.  Appellant was permitted to intervene as a party in this cause after trial and decree between the original defendants and other interveners.  The decree as between them was entered June 17, 1919, after a lengthy trial which began in the preceding December.  The issues and nature of the controversy may be obtained from the opinion this day rendered in McKinney v. Black Panther Oil & Gas Co. et al., 280 Fed. 486, and need not be restated here. Appellant's motion asking that she be permitted to come in was not filed and presented until May, 1920.  In that motion, which was sustained, and in appellant's petition thereafter filed, on which issue was joined with her, she alleged that she is an Indian of half Creek and half Seminole blood and is enrolled as Seminole No. 74, that she asserts her claim to the lands (Barney Tholocco's allotment) and moneys in the cause now in the hands of the receiver appointed by the court in April, 1914, as the only child and sole heir of Barney Tholocco, born of his marriage with Keniah, a Seminole woman, that the title descend-

⬨⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ed to her in accordance with the laws of the Creek Nation of 1880, that the decree adjudging Martha Jackson as the sole heir of Barney Tholocco had been obtained through a fraudulent conspiracy, that she had been informed that her enrollment as a Seminole prevented her inheritance from her father, who was a citizen of the Creek Nation, and that she did not know until it was too late to intervene and participate in the trial that the right to inherit from her father was not restricted to members of his tribe, and that she had no notice of the hearing and no opportunity to assert her claim at that time and to controvert the claim of Martha Jackson as his sole heir; and she prayed that she be adjudged to be the sole heir-at-law of Barney Tholocco and as such owner of the 160-acre allotment and all of the rents, royalties and profits arising therefrom and impounded in the hands of the receiver of the court, and that the claims of Martha Jackson and the other defendants be decreed to be clouds upon her title and removed as such. After a lengthy trial her petition was dismissed, and she brings this appeal.

Appellant moves here for a reversal, and that the cause be remanded, on the ground that the district court was without jurisdiction in the cause, on the claim that when the United States, the original and only plaintiffs, were dismissed from the cause (United States v. Wildcat, 244 U. S. 111, 37 Sup. Ct. 561, 61 L. Ed. 1024), the jurisdiction of the trial court was at an end, for the reason that there was no diversity of citizenship between defendants and interveners, nor among themselves, nor a federal question involved. But it appears that when Saley came in, all of the property to which she made claim, the allotment and the impounded royalties, was held by the court in receivership and had been so held continuously by consent of all the parties since April, 1914. It further appears that final decree against the United States was not entered in the cause until February 11, 1918. There was conceded jurisdiction up to that time, and prior to that time many interveners had been let in, and they, with the original defendants, were engaged among themselves in a common controversy, each seeking to have the court adjudge that he was entitled to the allotment and the impounded royalties. The property and fund could not be taken out of the court and from its possession except by those who were entitled thereto, and in consequence it was the duty of the court to adjudicate these conflicting interests before it could discharge its lawful duty in delivering the property over to the true heir or heirs of Barney Tholocco. We have no doubt that inasmuch as there was original jurisdiction over the cause, the property, the claims of the original defendants, and of the claims of the interveners who thereafter came in, that jurisdiction continued until title to the property and the fund should be finally adjudicated and distributed to those who might be adjudged entitled to receive the same. Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; Swift v. Black Panther Oil & Gas Co., 244 Fed. 20, 156 C. C. A. 448; McDougal v. Black Panther Oil & Gas Co. (C. C. A.) 273 Fed. 113; White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67; Morgan's Co. v. Texas Central Railway, 137 U. S. 171, 201, 11 Sup. Ct. 61, 34 L. Ed. 625; Carey et al. v. Houston & T. C. Ry. Co. (C. C.)

52 Fed. 671; Farmers' Loan & Trust Co. v. Houston T. C. Ry. Co. (C. C.) 44 Fed. 115. After the original plaintiffs were out of the cause under the final decree of February 11, 1918, the court had the authority and power to make all orders and decrees with respect to the claims and rights preferred against the property in its hands, both of the original defendants and of the interveners, and between themselves, even though it thereby determined controversies that arose wholly between citizens of the same state. This authority is usually termed the incidental or ancillary jurisdiction of the court.

The defendants beneficially interested in the decree that had been rendered in June, 1919, filed an answer to Saley's petition, denying that she was the daughter of or an heir of Barney Tholocco, alleging that she was estopped by her laches from coming into the cause at that time, that she had long had knowledge of its pendency, that the trial had been long continued and at great cost, that many witnesses had been brought from a distance, that Saley, in the settlement of the estate of one Chepan Tahladege, also known as Chepan Tholocco, a Creek citizen, had made claim under oath to a part of his estate as his daughter, and prayed that the question as to whether Saley was the daughter of Barney Tholocco be tried first and determined before the prior decree should be opened. The testimony taken is voluminous. The district judge found that Saley is not the daughter of Barney Tholocco, but that she is in fact the daughter of Chepan Tahladege, that her claim is fraudulent and that she has no right, title or interest in the property involved in the action. A decree was accordingly entered by which she is forever barred and enjoined from asserting any right or title thereto. We have read the testimony, and agree fully with the conclusions of the district judge. It establishes beyond question, in our minds, that Saley was the daughter of Chepan Tahladege, sometimes called Chepan Tholocco, and his wife Keniah. Keniah was never married to Barney Tholocco and never lived with him as his wife. Many Indians who were acquainted with the two men so testified.

It is assigned as error that the court overruled in part a motion to strike parts of the answer, and that the court admitted incompetent evidence. Conceding the objections well taken, it appears to us to be wholly immaterial, and does not prejudicially affect the rights of the appellant on the one issue in the case.

Counsel who were not in the trial and who now claim to represent Saber Jackson, Martha Jackson, and one W. E. McKinney, have filed here a motion to strike the name of the Creek National Attorney from the brief filed in behalf of the defendants, and to suppress parts of that brief which speak in the interest of their alleged clients. We need go no further than to say that their motion is denied.

The judgment is affirmed.