CUTTING *v.* FLORIDA RY. & NAV. Co. *et al.*, (Wilson, Intervenor.) MEYER *v.* SAME. BROWN *v.* SAME. CENTRAL TRUST Co. *v.* SAME. GUARANTY TRUST & SAFE-DEPOSIT Co. *v.* SAME.

*(Circuit Court, N. D. Florida. March 14, 1891.)*

RAILROAD MORTGAGE—FORECLOSURE—INTERVENTION.

In proceedings to foreclose railroad mortgages an intervening petition was filed by one claiming under a contract for the purchase of land from the land-agent of the company. It appeared that the land in question, together with other lands, was specially excepted by the orders appointing the receiver from the property thereby put into his hands, and that he had never come into possession thereof; that in none of the several principal causes was there any controversy about the lands, nor any declaration of lien thereon in the respective decrees. It further appeared that both intervenor and defendant company were citizens of the same state. *Held,* that the petition was properly dismissed, both as thrusting a foreign litigation into the suit, and for want of jurisdiction.

In Equity. On exceptions to the master's report, on the intervention of George E. Wilson.

*Fletcher & Wurtz,* for intervenor.

*John A. Henderson,* for receiver.

PARDEE, J. Although the exceptions were not filed in this matter within the delay allowed by the rules, nor with any leave of the court, as the matter was submitted without objection, I have examined the case on its merits. The report of the master on the facts seems to be fully sustained by the evidence. The intervenor contracted with Wailes, land-agent of the railroad company, for 2,120 59-100 acres, as alleged, but the contract included only 116 70-100 acres, to-wit, those in section 19, township 22 S., range 22 E., which the land commissioner or the company had authority to sell at the date of the transaction; but the quantity of land actually sold does not affect the proper decision of the case. On this intervention the intervenor can only recover by reason of superior equity to the complainant trustees in relation to property and moneys in the hands of the receiver in the above-entitled cases.

1. As to the lands. Although the receiver's answer filed does not specifically deny that the lands came into his possession under the order of court made in the above-entitled cases, yet the record of the case shows that in the orders appointing a receiver, under which he took into possession the property of the Florida Railway & Navigation Company, there was specially excepted from the operation of said orders any and all lands acquired by said company under grants from the state of Florida

or from the United States, through the agency of S. I. Wailes, and that order recited that it was the intention of that exception to exclude from such receivership all lands in controversy with said Wailes; and that in fact the said receiver did not come into the possession of the lands in controversy under orders of court in any of the cases in which he was appointed a receiver of the Florida Railway & Navigation Company, or its component divisions. The record further shows that in none of the above-entitled causes was there any controversy between the complainant trustees and the defendant railway company about any of the lands of the specific grant in controversy. In the decrees rendered there is no declaration of lien on any of those lands, nor were any lands sold, or attempted to be sold, under said decrees. It seems clear, therefore, that, conceding the intervenor's equitable title to the lands in controversy to be beyond question, which is altogether doubtful, yet in this case he cannot come into these causes, and demand specific performance from the Florida Railway & Navigation Company. Aside from the fact that such intervention is thrusting a foreign litigation into other people's suits, both intervenor and defendant company are citizens of the state of Florida, and the controversy between them is one beyond the jurisdiction of this court, unless the court obtains jurisdiction by reason of possession of the property in controversy, which, we have shown, is not the fact in this case.

2. As to repaying the intervenor the $6,000 alleged by him to have been paid to the land-agent of the company, the claim of intervenor is without equity. The $6,000 went into the hands of the land commissioner, and was never paid over to the railway company. It never was used in any way to benefit directly the property upon which complainants' mortgages rested. It is therefore ordered, adjudged, and decreed that the exceptions to the master's report be, and the same are hereby, overruled, and the master's report be in all respects confirmed, and the intervention of George E. Wilson in the above-entitled causes be, and the same is, dismissed, with costs to be taxed.