HENDERSON et al. v. GOODE et al., (HOME INS. Co. et al., Interveners.)

*(Circuit Court, E. D. Louisiana. April 9, 1892.)*

1. MORTGAGE PRIVILEGES—PRIORITIES—EXECUTORY PROCESS.
Even if a mortgage, given to secure the purchase price of property in Louisiana, has become perempted, the vendor's privilege survives, and the assumption thereof by a new purchaser continues the same against him and upon the property, outranking even that of the second vendor; and, if such assumption is executed before a notary and two witnesses, executory process will issue under Code Pr. arts. 732, 733.

2. FEDERAL COURTS—JURISDICTION—CITIZENSHIP.
When the United States court has jurisdiction over the cause and the *res*, other parties, whose citizenship would not have allowed them to institute the suit, may intervene to assert their rights in the *res*, but they cannot have original process.

In Equity. Bill by William Henderson and others against Lenore W. Goode and others to enjoin executory process.

*Henry L. Lazarus* and *Horace E. Upton,* for complainants.
*Hugh C. Cage,* for Mrs. Goode.
*Carroll & Carroll,* for Crescent Insurance Company, intervener.
*Browne & Choate,* for Home Insurance Company, intervener.
*W. S. Benedict,* for Julius Schwabacher, intervener.

BILLINGS, District Judge. This is a bill in equity to enjoin an executory process. The defendant Mrs. Goode obtained an order of seizure and sale under Code Pr. art. 732. The Home Insurance Company, the Crescent Insurance Company, and J. M. Schwabacher have intervened, each claiming rights as mortgagee; and the two first interveners asked and obtained additional executory process. The facts necessary to an understanding of the issues are as follows: In 1881 the defendant Mrs. Goode sold and conveyed to Bisland the "Aragon Plantation." For a portion of the price he executed to her a mortgage upon the same for $17,074.60. This mortgage was properly inscribed in 1881, but has never been reinscribed. In 1885, Bisland sold and conveyed to Calder, who, in the notarial act of transfer, assumed $16,675.12 of the purchase price remaining due from Bisland to Mrs. Goode. This notarial act was, in 1885, recorded in both the conveyancing and mortgage offices of the proper parish. Calder has gone into insolvency, and the complainants are his syndics. The complainants, as ground for the injunction asked, urge that the original mortgage from Bisland to Mrs. Goode, not having been reinscribed, has become perempted, and cannot be the basis of an executory process. But this is a process based upon the assumption by Calder of a portion of the original purchase price. Even if this mortgage to secure this price had become perempted, the privilege of Mrs. Goode, as vendor, still survived against the property, and was assumed by Calder before a notary, and in the presence of two witnesses. The Code of Practice authorizes executory process wherever a mortgage privilege exists in favor of the creditor, which is evidenced by a notarial act executed before a notary and in the presence of two witnesses. Articles 732, 733. This proof exists in this case. The case of *Dejean* v. *Herbert,*

31 La. Ann. 729, is authority. There the act showed no mortgage, but did show that the purchase price was due which carried the vendor's privilege. Here the act shows, in connection with the original mortgage, a mortgage claimed to be perempted, but an admittedly existing and assumed privilege. That such an assumption continues, as against the new purchaser and upon the property sold, a vendor's privilege, which outranks that even of the second vendor, is abundantly settled by the decisions of our supreme court, and was not questioned in the argument. As concerns Mrs. Goode, the citizenship of herself and Calder is such that the court has jurisdiction over the cause and the res,—the mortgaged premises. This is true of Schwabacher, who is a citizen of Missouri. So far as the Home Insurance Company and the Crescent Insurance Company are concerned, they are citizens of this state, and, therefore, of the same state as Calder; but they are citizens of another state than that of Mrs. Goode. They could not have instituted the suit in the United States circuit court, nor can they have original process. But, the court being in possession of a res, in a proceeding over which it had jurisdiction, they have properly intervened to assert their rights in the res. In this respect they are like people claiming in an admiralty court liens which spring from state statutes. They cannot bring the res into the court, but may assert their privileges after it has been brought there by those having admiralty liens. The injunction is refused so far as relates to Mrs. Goode, Schwabacher, and the marshal, and is allowed so far as relates to the independent executory process of the Home and Crescent Insurance Companies, leaving them full right to enforce whatever rights they have as interveners in this case.