PARK v. NEW YORK, L. E. & W. R. CO. et al.

FARMERS' LOAN & TRUST CO. v. SAME.

(Circuit Court, S. D. New York. November 11, 1895.)

1. JURISDICTION OF FEDERAL COURTS—DIVERSE CITIZENSHIP—FAILURE TO DEFEND.

Where a federal court once acquires jurisdiction by reason of the diverse citizenship of the parties to an actual controversy, such jurisdiction is not arrested by the fact that, after the action is begun by service of process, defendant does not continue to resist complainant's demands.

2. SAME—APPOINTMENT OF RAILROAD RECEIVERS.

In a suit against a railroad company by a citizen of another state than that of its incorporation, to enforce an express lien on accrued earnings and income, without seeking to disturb any superior liens, a federal court has jurisdiction to take possession of the railroad and appoint receivers, in advance of an application for foreclosure of a mortgage; and it may sell the property subject to all superior liens, and distribute the proceeds equitably among those entitled thereto.

3. SAME—CITIZENSHIP OF INTERVENERS.

Where a federal court has acquired jurisdiction, by reason of diverse citizenship, of a suit against a railroad company, and has appointed receivers, it does not lose jurisdiction when other parties interested in the property intervene, and are made parties, even though some of them be citizens of the same state with those whose interests in the property are adverse to the interveners.

4. SAME—FORECLOSURE OF INTERVENER'S MORTGAGE.

Suit was brought by a citizen of Vermont to enforce an express lien on income and earnings of a New York railroad corporation. The court took possession of the railroad, and appointed receivers, with the consent of the company. A mortgagee, which was also a New York corporation, intervened, and filed a cross bill for foreclosure, and an independent foreclosure suit also commenced by it was consolidated with the suit in question. *Held,* that the court, having properly acquired jurisdiction of the property in the first place, retained it for the purposes of foreclosure and sale, and to dispose of the claims of all parties, whatever their citizenship.

This was a suit by Trenor Luther Park against the New York, Lake Erie & Western Railroad Company, asking for the appointment of receivers, and for other relief. Receivers were accordingly appointed, and in August, 1893, the Farmers' Loan & Trust Company was permitted to intervene and become a party defendant. 64 Fed. 190. It thereafter filed a cross bill, seeking the foreclosure of a mortgage in which it was the trustee. A decree was entered, directing a sale under foreclosure of the second consolidated mortgage, and the cause is now heard upon a motion to confirm the special master's report of the sale.

Francis Lynde Stetson and David McClure, for motion.
W. W. MacFarland, for New York, P. & O. R. Co.

LACOMBE, Circuit Judge. Motion is now made upon the report of the special master, filed November 7, 1895, to confirm and make absolute the sale of the railroad, property, and franchises of the New York, Lake Erie & Western Railroad Company, under foreclosure of the second consolidated mortgage, of which the Farmers' Loan & Trust Company is trustee. No opposition is made by any

party to the record, but counsel appearing for the New York, Pennsylvania & Ohio Railroad has been heard as amicus curiæ, and calls the attention of the court to what, it is suggested, may be a jurisdictional objection to the relief asked for. The suit does not present any federal question, and both the railroad company and the trust company are citizens of this state. Undoubtedly, if jurisdiction to sell the property were sought to be sustained solely by reason of a suit to foreclose, brought by the trustee against the railroad company, this identity of citizenship would be a fatal objection; but in the case at bar jurisdiction was not originally acquired by such a suit. Trenor L. Park, the complainant in the first of the above-entitled consolidated actions, was a creditor of the New York, Lake Erie & Western Railroad Company, demanding payment. The railroad company was his debtor, refusing to pay. Manifestly there was a controversy between them, and, as they were citizens, respectively, of Vermont and of New York, such diverse citizenship gave Park the right to take the controversy to the federal court. The fact that, after action was begun by service of process, the defendant railroad did not continue to resist complainant's demands, did not change the situation. There was a controversy when the court took jurisdiction, and jurisdiction was not ousted because subsequently defendant ceased to oppose the granting of the relief prayed for. To hold otherwise would be to deny to the federal courts the power to enter judgment on failure to answer.

. Park claimed that by special contract, made when he loaned to the defendant railroad the money for which he sued, he was given an express lien upon accrued earnings and income. He did not seek to disturb any liens superior to his own, but it was competent for the court, by decree in his suit, to sell the property subject to all superior liens, and distribute the proceeds equitably among all entitled thereto. The jurisdiction of the federal courts to take possession of railroad property, and appoint receivers, under circumstances such as were shown in the Park case, and, in advance of application, to foreclose mortgage, is abundantly supported in the following cases: Brassey v. Railroad Co., 19 Fed. 669, 670; Central Trust Co. v. Wabash, St. L. & P. Ry. Co., 29 Fed. 623; Railroad Co. v. Humphreys, 145 U. S. 113, 12 Sup. Ct. 795; Sage v. Railroad Co., 125 U. S. 361, 8 Sup. Ct. 887; Brown v. Iron Co., 134 U. S. 530, 10 Sup. Ct. 604; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Hollins v. Iron Co., 150 U. S. 380, 14 Sup. Ct. 127.

Having acquired jurisdiction of the property, and having appointed receivers with the express consent of the defendant railroad, the court does not lose jurisdiction when other persons interested therein come in, and are made parties, even though some of them be citizens of the same state with those whose interests in the same property are adverse to the interveners; for, when property is in the actual possession of a federal circuit court, this draws to it the right to decide upon conflicting claims as to its ultimate possession and control. Morgan's L. & T. R. & S. S. Co. v. Texas

Cent. Ry. Co., 137 U. S. 201, 11 Sup. Ct. 61; Freeman v. Howe, 24 How. 460; In re Tyler, 149 U. S. 181, 13 Sup. Ct. 785; Rouse v. Letcher, 156 U. S. 49, 15 Sup. Ct. 266; Central Trust Co. v. Bridges, 6 C. C. A. 539, 57 Fed. 753; Farmers' Loan & Trust Co. v. Houston & T. C. R. Co., 44 Fed. 115.

The Farmers' Loan & Trust Company intervened in the Park suit, and filed a cross bill, and its independent suit to foreclose was consolidated with Park's suit. There seems no good reason, then, why the court which originally acquired jurisdiction to care for and dispose of the property in a controversy between citizens of different states should not retain such jurisdiction to dispose of the claims of all parties appearing, whatever their citizenship.

The motion is granted.