COLE v. PHILADELPHIA & E. RY. CO.

(Circuit Court, E. D. Pennsylvania. November 6, 1905.)

No. 9, Oct. Sess. 1905.

1. RAILROADS—RECEIVERS—POWERS OF FEDERAL COURT—INSOLVENT RAILROAD COMPANY.

A United States court, in the exercise of its chancery powers and of a sound judicial discretion, may appoint a receiver for an insolvent railroad company, where its jurisdiction is invoked by a proper party, and it is shown that valuable results will accrue to the creditors and stockholders by continuing it as a going concern, and preserving the integrity of its property, which would otherwise be dismembered by means of separate suits.

[Ed. Note.—Preservation and prevention of removal of property beyond jurisdiction pending litigation as ground for appointment of receiver, see note to Clark v. Brown, 57 C. C. A. 80.]

2. COURTS—FEDERAL JURISDICTION—TRANSFER OF CAUSE OF ACTION.

The fact that a cause of action was transferred to a citizen of another state for the purpose of enabling him to bring suit thereon in a federal court does not defeat the jurisdiction of such court, where the transfer was bona fide and absolute.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 865.]

3. SAME—SUIT FOR RECEIVER—ANCILLARY PROCEEDINGS.

Where a federal court has taken possession of the property of a railroad company by its receiver, appointed in a suit of which it had jurisdiction, it does not lose its exclusive jurisdiction to administer the property because other parties interested therein intervene to enforce particular rights, as for the foreclosure of a mortgage, even though they may be citizens of the same state as the defendant or others adversely interested.

[Ed. Note.—Supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. v. Trust Co., 36 C. C. A. 195.]

In Equity. Hearing in matter of receivership.

Ira J. Williams and Simpson & Brown, for complainant.

John C. Grady, Thos. Raeburn White, J. Howard Gendell, and S. Davis Page, for interveners.

HOLLAND, District Judge. Sterling W. Cole, a citizen and inhabitant of the state of New Jersey, filed a bill in equity in this court on October 23, 1905, against the Philadelphia & Easton Railway Company, a citizen of the state of Pennsylvania, alleging that he is the owner and holder of 100 shares of the capital stock of the defendant railway company, of the par value of $5,000, a first mortgage bond of $1,000, and a second mortgage bond of $1,000; that the corporation is insolvent, and unable to pay its maturing obligations; that a large number of creditors are threatening to bring suit and obtain judgments against it; and further, "that if judgments are obtained and executions issued thereon, it will lead to the disintegration of the road and property, and will result in the impossibility of conducting the operations of the corporation defendant, or of its paying its debts, to a very great loss of said corporation and its creditors"; and that if the railway of the defendant company can be

held together, and the plant saved from disintegration, and if the management of the property can be continued as a going concern, very valuable results will accrue to all interested in the property, both as stockholders and creditors. Upon this bill a receiver was appointed, as prayed for, the defendant company agreeing thereto by its attorney, and subsequently, at a meeting of the board of directors, the appointment of the receiver was approved.

The receivers of H. M. Herbert & Co., who were the contractors that built this road and bondholders of the defendant company, presented a petition asking leave to intervene. As creditors of this company, they are undoubtedly entitled to be heard. They allege that Sterling W. Cole has not such a substantial interest in the subject-matter of the controversy as to justify the court in taking jurisdiction of a bill filed by him, and that the Excelsior Trust Company is not a proper receiver to be appointed.

Since the filing of this bill, a committee of bondholders, representing $372,000, some of which reside in the state of New Jersey, have also presented a petition asking leave to intervene, alleging the insolvency of the corporation, and its inability to meet its obligations, and further averring that, if the management of the property of the said defendant company can be continued as a going concern until the same can be sold, very valuable results will accrue to the stockholders and creditors. These bondholders join with the plaintiff in the bill praying for a temporary receiver, and ask that the Excelsior Trust Company, already appointed, be continued and made permanent. Other bondholders of the state of New Jersey also join in presenting petitions to intervene, and ask the court to continue the present receiver.

There is no question about the insolvency of the defendant corporation, as the board of directors have assented to the appointment of a receiver, and the receivers of Herbert & Co. have presented a similar bill in the courts of Bucks county in this district, alleging, among other things, the defendant company's insolvency, and asking for the appointment of a receiver. The modes of proceeding in suits of equity in the Circuit Court of the United States are the same in all the states of the Union, and are not in any manner regulated or controlled by the equity procedure of the states (Bates on Federal Equity Procedure, § 20); and a United States court, in the exercise of its chancery jurisdiction, and in the absence of statutory power, on a proper showing by a proper party on due notice, and in the exercise of a sound judicial discretion, may appoint a receiver over a railway where the company had made default in the payment of its mortgage indebtedness, or where default is imminent by reason of insolvency. or where the interest upon the mortgage has been long past due, and the property is inadequate to satisfy the mortgage indebtedness, or taxes have not been paid. Smith on Receivers, § 272; Brassey v. New York & N. E. Ry. Co. (C. C.) 19 Fed. 663; Long Dock Company v. Mallery, 12 N. J. Eq. 431; Towle v. The American Building Loan & Investment Society (C. C.) 60 Fed. 131. And in such a suit by a bondholder or shareholder for the appointment of a receiver of a corporation the amount in controversy is the value of

140 F.—60

the entire corporate assets. Towle v. The American Building Loan & Investment Society, supra.

It is further urged that this court has no jurisdiction in this case for the reason that Sterling W. Cole is not the real owner of the bonds and stock of this corporation which he alleges in the bill belong to him, but that the transfer was improperly or collusively made for the purpose of enabling the plaintiff to file this bill. The evidence shows that the bonds and stock were transferred to the plaintiff, who is a nonresident of this district, for the purpose of filing this bill. It also shows that he is the absolute owner, as there is no agreement that he shall collect for the transferrors, or that they have the least interest in the securities. This being the case, there is no question but what this court has jurisdiction. Of course, where property has been colorably and collusively transferred to a nonresident for the sole purpose of giving the federal courts jurisdiction, and where the nominal parties are not the real parties and the real owners of the property in dispute, the federal courts will dismiss the case when that fact is made to appear; but the court will not inquire into the intention or motive of the parties when it is established that the nominal parties are the real parties, even though there be no consideration for the property transferred, so long as they are the real bona fide owners, and are not merely holding it for the sole and only purpose of enabling them to bring suit in the United States courts. Justice Harlan, in the case of Lehigh Mining & Mfg. Co. v. Kelly, 160 U. S. 336, 16 Sup. Ct. 311, 40 L. Ed. 444, says this:

"None of these cases sustain the contention of the plaintiffs. All of them concur in holding that the privilege of a grantee or purchaser of property, being a citizen of one of the states, to invoke the jurisdiction of a Circuit Court of the United States for the protection of his rights as against a citizen of another state (the value of the matter in dispute being sufficient for the purpose) cannot be affected or impaired merely because of the motive that induced his grantor to convey, or his vendee to sell and deliver, the property; provided such conveyance or such sale and delivery was a real transaction, by which the title passed, without the grantor or vendor reserving, or having any right or power to compel or require, a reconveyance or return to him of the property in question. We adhere to that doctrine."

In this case it is established that the grantor or vendor of the stock and bonds has not reserved, nor does he claim a right or power to compel or require, a reconveyance or return to him of the property, and we think this court has jurisdiction.

It is further urged that this court should not take jurisdiction of this suit because the trustee of the mortgage executed to secure the bonds on this railway is a resident of the Eastern District of Pennsylvania, and that, if it should subsequently appear necessary to sue out this mortgage, the federal court would not have jurisdiction of that suit by reason of the fact that the defendant company and the trustee would be citizens of the same state. This objection is not a valid or serious obstacle in the administration of this property in the federal court. Where a federal court once acquires jurisdiction, by reason of the diverse citizenship, of a suit against a railway company, and has appointed a receiver, it does not lose juris-

diction when other parties interested in the property intervene and are made parties, even though some of them be citizens of the same state with those whose interests in the property are adverse to the interveners. Where the court has taken possession of the road, as in this case, and appointed a receiver with the consent of the company, should it subsequently be necessary to sue out the mortgage, the trustee can file a cross-bill for foreclosure, and an independent foreclosure suit may be consolidated with the suit in question. Park v. New York, L. E. & W. R. Co. et al. (C. C.) 70 Fed. 641.

The only other question to be considered is whether or not the receiver originally appointed shall be continued. There is a vigorous objection to the trust company administering this property, for the reason that some of the directors are also directors of the railway company, and the objecting creditors are not satisfied with the appointment. Without passing upon the numerous reasons for the appointment of some other receiver, it is sufficient to say that in the opinion of the court the present receiver is possessed of information that may be valuable in the care and management of this property; but, in order that the creditors, as a whole, may be satisfied that the receiver is acting for the best interests of those entitled to the property, the court will appoint Hugh B. Eastburn and Harman Yerkes, of Doylestown, as additional receivers, to act with the Excelsior Trust & Safe Deposit Company as receivers of the defendant corporation; the receivers, as a body, to give bond in the sum of $75,000.