BIRD et al. v. PEOPLE'S GAS & ELECTRIC LIGHT CO. et al.

AMERICAN TRUST & SAVINGS BANK et al. v. SAME.

(Circuit Court, S. D. Ohio, W. D. February 21, 1908.)

1. CORPORATIONS—APPOINTMENT OF A RECEIVER FOR AN ELECTRIC LIGHT COMPANY—GROUNDS.

Upon a bill for the appointment of a receiver, for the benefit of all concerned, filed by a bondholder, alleging that the light company had defaulted in the payment of interest for two periods; that default had been made in the payment of all taxes lawfully levied upon the company's property and franchises; that it had permitted part of its property to be sold for such taxes; that the company was hopelessly insolvent, and unable to pay its present and accruing indebtedness; that, by reason thereof, its franchises and contracts were in danger of being forfeited; that its funds had been unlawfully diverted by its officers to their own uses; that said officers had suffered collusive judgments to be taken against the company; that the proceeds of its bonds had been appropriated by its promoters under cover of the Western Gas & Investment Company which owned practically all of its stock, and which operated the mortgagor company; that a large part of its income had been similarly appropriated, thereby preventing the company from meeting its obligations; that said Western Gas & Investment Company and the defendant company with other operating companies were organized in furtherance and for the purpose of defrauding investors in their bonds; and that the trustees, who were residents and citizens of the state of Illinois, and not within the jurisdiction of this Court, had failed to exercise the powers granted to them for the protection of the bondholders—*held*, that a case was made for the appointment of a receiver.

**2. SAME.**

Upon a bill for foreclosure and the appointment or extension of a receiver, as provided in the mortgage deed for the same company filed by the trustees of the mortgage six months later, *held*, that the receiver who had been appointed acted for neither party, but for the court, and for that reason the motion of the trustees for the appointment of a receiver or for extending the receivership will be overruled.

**3. ACTION—CONSOLIDATION OF SUITS.**

Upon motions filed respectively by the original complainant and by the trustees of the mortgage for consolidation of the two actions, both suits seeking substantially the same relief, the motion in the first suit is sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 632–661.]

(Syllabus by the Court.)

### In Equity.

Upon motion of Evelyn Bird et al. to consolidate the suit of the American Trust & Savings Bank against the People's Gas & Electric Light Company et al. with the suit of Evelyn Bird et al. against the People's Gas & Electric Light Company et al., and upon the motion of the American Trust & Savings Bank et al. to consolidate the latter suit with the former; also the motion of the American Trust & Savings Bank et al. for the appointment of a receiver or the extension of the receivership.

The People's Gas & Electric Light Company of Xenia, Ohio, during the first month of its existence, with none of its stock paid for and owning no assets, issued bonds of the face value of $175,000. The proceeds of $105,000 worth of these bonds were used in purchasing the properties and franchises of existing companies. The stock of the People's Gas & Electric Light Company was owned by the Western Gas & Investment Company of Chicago, which paid nothing therefor. The Western Gas & Investment Company similarly owned the stock of other operating companies, against whose assets bonds amounting to $1,093,000 had been issued. These transactions were part of a general scheme of the promoters to defraud investors in bonds of the operating companies. The bill of complaint of Evelyn Bird et al., filed March 19, 1907, alleged the above facts, and that the bond issue of the People's Gas & Electric Light Company was far in excess of the total value of all its assets; that the total proceeds of the bond issue were converted by the promoters, under the guise of the Western Gas & Investment Company, to their own uses; that the receipts of the People's Gas & Electric Light Company in amounts of $5 or more were forwarded daily to the Western Gas & Investment Company at Chicago, and converted by the officers of the latter company to their own uses; that, by reason thereof, the People's Gas & Electric Light Company was unable to pay its employés or keep its plant in repair; that the books of the light company were kept outside of the state of Ohio; that the light company had defaulted in payment of interest for two periods; that default had been made in the payment of interest for more than two years; that the taxes in arrears amounted to $6,000; that suit had been filed, judgment obtained, and execution was about to be levied upon the properties to satisfy tax judgments; that part of the property had been sold for taxes; that the president of the Western Gas & Investment Company was president of the People's Gas & Electric Light Company; that as president of the latter company he confessed judgment in favor of the former company for $27,177.57; that this judgment was collusively and fraudulently obtained; that execution was issued thereon, and that the property of the People's Gas & Electric Light Company was about to be sold in satisfaction thereof; that the value of the properties had been impaired; that the franchises and contracts were in danger of being forfeited; and that the trustees of the mortgage had failed to exercise the powers granted to them for the protection of the bondholders. The allegations of the bill were established by affidavits. The court appointed a receiver who qualified, took possession, and has since operated the plant.

On September 19, 1907, the American Trust & Savings Bank et al., trustees under the trust deed, filed a bill for foreclosure and the appointment of a receiver as provided in the mortgage deed. On November 9, 1907, Evelyn Bird et al. filed a motion to consolidate the suit of the trustees with the original

suit. On November 18, 1907, the trustees of the mortgage filed a motion to consolidate the original suit with their suit. On November 22, 1907, the motion of the trustees for a receiver and the two motions for consolidation were noticed for hearing.

William J. Shroder, Russell B. Harrison, and Ralph L. Peck, for complainants Evelyn Bird and others.

Wood & Oakley and Maxwell & Ramsey, for complainants American Trust & Savings Bank and others.

THOMPSON, District Judge. The bill in this cause, independent of the alleged breaches of the covenants of the trust deed, shows grounds justifying the action of the court in appointing the receiver herein. In substance, it is charged in the bill, and supported by affidavits, that the Western Gas & Investment Company and the underlying companies were organized in furtherance of a scheme to defraud investors in the bonds of the underlying companies, and that the moneys received from the sale of these bonds, and a large part of the income of the underlying companies were appropriated by the Western Gas & Investment Company, or rather by the promoters of the scheme under cover of that company, thereby crippling the underlying companies, and disabling them from meeting their bond obligations, presenting a case justifying the court through its receiver, in taking possession of the property of the People's Gas & Electric Light Company, and as said by Judge Brewer in Central Trust Co. v. Wabash, St. L. & P. Ry. Co., 23 Fed. 863:

"It matters not, for the ultimate determination of the suit, at whose instance the receivers were appointed. They act for neither party. They represent neither party. They stand here simply as the hand of the court, holding the property for disposition at the end of the litigation, for the benefit of all."

The motion of the complainants Evelyn Bird et al. to consolidate cause No. 6,288 with this cause will be sustained; and the motion of the American Trust & Savings Company and Frank H. Jones, complainants in cause No. 6,288, for a consolidation of the two causes and the extension of the receivership, will be overruled.