MERCANTILE BANK OF THE AMERICAS, INC., Complainant,

*v.*

WEST PORTO RICO SUGAR COMPANY, INC., et al., Dfts.

---

San Juan, Equity, No. 1071.

EQUITY JURISDICTION.

**Jurisdiction—Taken if Clear.**

1. Where doubt exists as to jurisdiction, such doubt should be resolved in favor of the party denying such jurisdiction; but when no doubt exists in the mind of the judge presiding over this court, it is the duty of the court to exercise jurisdiction, and error, if any, may be corrected in the appellate court.

**Jurisdiction—Retained throughout Case.**

2. Where a proceeding in equity was filed by a corporation of New York, domiciled there, against two defendants, both domiciled in Porto Rico, the judge clearly had power to appoint a receiver. A bank domiciled in Porto Rico applied for leave to intervene,

Mercantile Bank v. West Porto Rico Sugar Company.

which was granted, and therefore the bank domiciled in Porto Rico attempted to raise the question of jurisdiction based upon the theory that the bill as originally filed by the New York bank asked that receivers be appointed for only a portion of the property. This contention is sound; the court having lawful jurisdiction of the case originally retains the same until the conclusion thereof.

Receivers—Number Discretionary.

3. It is within the power of the presiding judge to appoint one receiver in an equity case, or two or three, as he may deem the circumstances justify. Where the former presiding judge of this court saw fit to appoint two receivers of a sugar estate, his action in so doing will not be disturbed.

Opinion filed June 22, 1921.

---

Ine re motion by counsel for receivers for an order of sale of the property of the West Porto Rico Sugar Company.

*Mr. Henry G. Molina* for complainant.

*Messrs. Cayetano Coll y Cuchi* and *Jaime Sifre, Jr.,* for receivers.

*Mr. J. Henri Brown* for Banco Comercial.

*Mr. G. Cruzado Silva* for West Porto Rico Sugar Company.

*Mr. O. B. Frazer* for Porto Rico Development Company.

*Mr. Chas. Hartzell* for Sucs. de Bianchi et al.

*Mr. H. F. Besosa* for Moore & Weinburg.

*Mr. Miles M. Martin* for Schluter & Company.

*Mr. Faniel F. Kelley* for Carlos Armstrong e Hijos.

*Mr. Juan Guzman Benitez* for Banco Territorial y Agricola.

Mercantile Bank v. West Porto Rico Sugar Company.

ODLIN, Judge, delivered the following opinion:

The motion for the sale of the property of the West Porto Rico Sugar Company, which motion was presented on the 18th day of June, 1921, by counsel for the receivers, having been submitted to this court after due notice, it appeared that all the counsel in the case, including several attorneys for numerous interveners, consented except counsel for the Banco Comercial. During the argument of the latter it developed that the only serious ground of opposition to this motion was based upon the claim that this court was without jurisdiction to order such sale; it was conceded by counsel for the Banco Comercial that this court did have jurisdiction over the original bill which was filed by a New York bank against two defendants, both of whom were citizens of Porto Rico; then the claim was further made that by reason of the fact that numerous interventions were filed shortly thereafter, many of which were filed by corporations or individuals, citizens of Porto Rico, the Honorable Peter J. Hamilton, who was judge of this court in the month of January, 1921, acted beyond his power and authority in appointing the two receivers who have been operating the property of the West Porto Rico Sugar Company up to the present time.

This question of jurisdiction of course is of primary importance. If it be true that the judge of this court at the time that he appointed two receivers was without lawful authority to do so, the present judge of this court is clearly without authority to direct said receivers to make a sale of the property of the defendant corporation. Therefore, the important question to be decided at this time is as to whether the

XII. Porto Rico.—19.

order of his Honor, Judge Hamilton, made last January was void, or was not void.

It is well known that the jurisdiction of all Federal courts within the limits of the forty-eight United States is limited; it is also admitted that the jurisdiction of the district court of the United States for Porto Rico is peculiarly restricted by virtue of the provisions of the act of Congress known as the Jones Bill; it is my conviction that in all cases of doubt jurisdiction should be declined, inasmuch as the presumption in favor of jurisdiction does not exist in any Federal court, the presumption, if any, being against such jurisdiction. This theory is that which will be the policy of this court as long as the present judge shall preside herein. But it is equally true that when no doubt exists in the mind of the presiding judge of a Federal court, the duty of assuming jurisdiction and retaining the same must be observed. Therefore the present inquiry resolves itself into a question of doubt or no doubt.

The facts may be outlined briefly thus: The original bill was filed by the Mercantile Bank of New York, a corporation with its domicil in New York, against two defendants, both citizens of Porto Rico, and a sum largely exceeding three thousand dollars ($3,000) was involved. Every one of the eleven lawyers in this case, including counsel for the Banco Comercial, admit that the Honorable Judge Hamilton had the power to name the first receiver who failed to qualify. Later the same judge appointed two receivers who did qualify. Very soon thereafter counsel for the Banco Comercial applied to intervene and this application was granted. The Banco Comercial having intervened in March of this year proceeded to submit testimony to the special master during May and June of this pres-

Mercantile Bank v. West Porto Rico Sugar Company.

ent year. Then on June 18 the same counsel for the Banco Comercial appeared before the court and for the first time raised the question of jurisdiction to name the two receivers, upon the ground that the interventions filed by the Banco Territorial and by the Banco Comercial itself and by other interveners domiciled in Porto Rico operated to deprive this court of the power to name two receivers for the entire property of the West Porto Rico Sugar Company, because the original bill filed by the Mercantile Bank of New York sought a receivership for only a portion of the property of the West Porto Rico Sugar Company.

Counsel for the Banco Comercial submitted to this court five decisions in support of his contention that the appointment of the two receivers was void. These decisions have been studied by myself with as much care as I have been able to give to them during the time since the oral argument on the 20th day of June, 1921. My own analysis of these five decisions convinces me that they do not sustain the contention of counsel for the Banco Comercial, but that they do sustain the position taken by counsel for the receivers.

Taking the case in Consolidated Gas Co. v. Newton, 256 Fed. 238, it appears that the city of New York tried to intervene in its corporate capacity in an equity suit already brought against certain large gas light companies in the city of New York, and the Federal court held that the city of New York in its corporate capacity had no interest in the litigation whatever, because specific statutes previously passed by the legislature of the state of New York had provided other remedies open to the city. Reference was specifically had to legislation which provided that the public service commission could take action in

order to protect the city of New York in its corporate capacity; and further reference was made to the fact that the attorney general of the state of New York had power and authority to proceed under certain statutes. In the present case now before this court I am unable to see how the Banco Territorial or how the Banco Comercial itself could protect their respective interests and rights unless allowed to intervene in this present litigation. No acts of Congress and no acts passed by the legislature of Porto Rico have been called to my attention providing any remedy whatever for these two banks under conditions such as are admitted to exist with reference to this West Porto Rico Sugar Company as it stood in the month of January, 1921, and therefore I am obliged to disregard the opinion in 256 Fed. just cited as having any bearing whatever upon the present question.

The next case cited by counsel for the Banco Comercial is found in Cutting v. Florida R. & Nav. Co. 45 Fed. 444. In this case Judge Pardee expressly states in his opinion that the intervener, whose name was Wilson, should be denied the right to intervene, and the grounds of denial were not merely the fact that Wilson and the defendant corporation were both citizens of the state of Florida, but also Judge Pardee expressly set forth in his opinion that Wilson was seeking to thrust a foreign litigation into other people's suits; and furthermore, that the dispute between Wilson and the defendant corporation concerned lands not in the possession of the receiver. Coming to the case now under consideration, the receivers were in possession of all the property of the West Porto Rico Sugar Company at the time that the Banco Comercial intervened. Such intervention seems to me to be entirely in order; and in accordance with the true rules cited by counsel for the original complainant and by coun-

sel for certain interveners other than the Banco Comercial and by counsel for the receivers, this court now must decide to grant the motion for the sale of all the property of the defendant corporation.

The various decisions which have been cited in support of said motion for sale of the property need not be analyzed in this opinion, but it is proper to set forth that they may be found in United States v. Lawton, 110 U. S. 146, 28 L. ed. 100, 3 Sup. Ct. Rep. 545; Farmers' Loan & T. Co. v. Lake Street Elev. R. Co. 177 U. S. 61, 44 L. ed. 671, 20 Sup. Ct. Rep. 564; Re Metropolitan R. Receivership, 208 U. S. 90, 52 L. ed. 403, 28 Sup. Ct. Rep. 219; Park v. New York, L. E. & W. R. Co. 70 Fed. 641; Osborne & Co. v. Barge, 30 Fed. 805; Belmont Nail Co. v. Columbia Iron & Steel Co. 46 Fed. 336; Henderson v. Goode, 49 Fed. 887; Society of Shakers v. Watson, 15 C. C. A. 632, 37 U. S. App. 141, 68 Fed. 730, and Cole v. Philadelphia & E. R. Co. 140 Fed. 944. Of these cases, which seem to me must control the present controversy, the one that has impressed me most is a decision by Circuit Judge Lacombe, rendered in 1895, reported in Park v. New York, L. E. & W. R. Co. 70 Fed. 641. This was a suit brought by a citizen of Vermont in the Federal court in New York city to enforce an express lien upon the income and earnings of a New York railroad corporation, but no lien was claimed upon all the property of the said New York railroad corporation. The court took possession of the railroad itself and appointed receivers, the company not objecting. Later a mortgagee, itself a New York corporation, filed its petition for intervention, and therewith filed a cross bill for foreclosure of its mortgage, and there was also brought an independent foreclosure suit, and the latter was

### Mercantile Bank v. West Porto Rico Sugar Company.

consolidated with the former suit. Judge Lacombe held that the court itself, having properly acquired jurisdiction of the property in the first instance, retained such jurisdiction for the purposes of foreclosure and of sale and likewise to dispose of the claims of all parties, whether they were citizens of New York or not. It seems to me that the conditions of affairs in this New York case are more nearly like the condition of affairs which confront us to-day in this Coloso Case than any other decision among the many which counsel have cited.

Before concluding this opinion, it is only fair to the counsel for the Banco Comercial that reference should be made to the decision in United Electric Securities Co. v. Louisiana Electric Light Co. 68 Fed. 673. In this case the Federal court in Louisiana had done nothing except to issue a restraining order, and there had been no appointment of any receiver. The bill in equity asking for the restraining order had been filed by a Maine corporation against a Louisiana corporation. Soon thereafter two interventions were filed, one by a Massachusetts corporation and the second by a Louisiana corporation. Judge Pardee expressly held as follows: "Where jurisdiction rests upon the diverse citizenship of complainant and defendant, and, during the proceedings, a third party, who is a citizen of the same state with defendant, intervenes, the court will have no jurisdiction of his controversy with defendant, unless the controversy between complainant and defendant is one which draws to the court the possession and control of defendant's property, in which the intervener claims some interest."

It is thus very evident to my mind that if the very learned Judge Pardee, whom I personally knew and admired, could come back to this life and be called upon to decide a question

Mercantile Bank v. West Porto Rico Sugar Company.

exactly like the one now before this court, his own former ruling in the year 1895 would be followed by him and he would maintain jurisdiction of this entire cause and not decline the same.

Another case cited by counsel for the Banco Comercial is found in Forest Oil Co. v. Crawford, 42 C. C. A. 54, 101 Fed. 849. A bill in equity was filed in 1897 in the Federal court of Pennsylvania by a citizen of Nevada against a Pennsylvania corporation. Numerous parties, most of whom were also citizens of Pennsylvania, sought to intervene; but before any action on these interventions was taken, a receiver had been appointed to operate a farm, under the surface of which were supposed to be found oil and gas. The circuit court of appeals at Philadelphia expressly sets forth that the ruling of the district court permitting these interventions was based upon the *supposed* fact that there was a fund in the possession of the district court in which these interveners had an interest, but that such finding was an error, and the appellate court says that this statement was clearly incorrect, and further holds that the bill itself was improperly filed. Therefore, the circuit court of appeals not only denied the right to intervene, but also dismissed the original bill; and the original complainant and the interveners had to pay the costs. The opinion further sets forth that the original complainant, who lived in Nevada, had an adequate remedy at law. In the case now before this court counsel for the Banco Comercial frankly admitted in his oral argument that the original bill in this case was a proper one. Thus there is seen at once the very plain and the very great difference between this present case now before the court and the decision in 101 Fed. 849.

Mercantile Bank v. West Porto Rico Sugar Company.

The last case cited by counsel for the Banco Comercial is reported in Bird v. People's Gas & E. L. Co. 158 Fed. 903. I am unable to see any bearing, direct or indirect, that this case decided by the Federal court in Cincinnati has upon the present question. The opinion of Judge Thompson is very brief. Several stockholders living outside of Ohio and Illinois filed a bill against an Ohio corporation and an Illinois corporation alleging a conspiracy to create a fraudulent judgment followed by a fraudulent execution and thus cause a total or almost total loss to the stockholders. A receiver was appointed, and he took possession of the gas plant situated at Xenia, Ohio, and operated the same under the orders of the United States district court at Cincinnati. Six months later a banking company and a party named Jones, who were trustees under a trust deed or mortgage, filed an independent bill to foreclose such mortgage, and they asked for the appointment of an independent receiver, or that the court would order an extension of the receivership previously created. Then two motions were submitted to the district court at Cincinnati. One motion was by the original complainants to have the second cause consolidated with the original cause, and this was granted. The other motion by the trustees under the mortgage was for a consolidation of the two causes and for an extension of the receivership, which motion was denied. I am unable to see why this ruling of Judge Thompson is not in effect and substance exactly like the ruling made by his Honor Judge Hamilton last January in the present case.

It is proper to observe that much criticism of recent years has been published by the press and uttered by many men of prominence against both state courts and United States courts

Mercantile Bank v. West Porto Rico Sugar Company.

in connection with receiverships. In my judgment very much of this criticism is unjust. At the same time, it must be admitted that in some instances courts have allowed receiverships of corporations to continue for long periods of time unnecessarily; that thereby the costs and expenses of administration of properties under the direct control of the court have been unnecessarily large; it seems to me that the confidence of the public in our courts, whether state or Federal, will be increased if matters like these shall be administered with speed and with economy. This court having decided that it is its duty to retain jurisdiction of this cause, and that the order of his Honor Judge Hamilton last January appointing two receivers was valid, the same is ratified and approved and the policy of this court will be to administer the property involved in this cause with the utmost economy and to dispose of the same with the utmost speed, provided that no injustice shall be done to any litigant. For these reasons the motion of counsel for the Banco Comercial to discharge the two receivers is denied, and the motion by counsel for the receivers for sale of all the property of the West Porto Rico Sugar Company is granted, and said counsel will prepare and submit to this court with all convenient speed a proper order for such sale. Such order shall provide that such sale be at public auction after due notice, but that the same must be approved by this court before becoming effective.