### GUARDIAN TRUST CO. et al. v. SHEDD et al.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1917.)

No. 4859.

APPEAL AND ERROR ☞71(4)—APPEALABLE ORDERS—DENYING MOTION TO VACATE RECEIVER'S APPOINTMENT.

An order denying a motion to vacate the appointment of a receiver, and to dissolve injunctions and mandatory orders in connection with that appointment, is not appealable, where there is an appeal pending from the order appointing the receiver, which latter order is appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 399–401.]

Appeal from the District Court of the United States for the Western Division of the Western District of Missouri.

Suit by Edward A. Shedd and another against the Guardian Trust Company and others. From orders appointing a receiver for defendant corporations, and denying a motion to vacate the order of appointment and to dissolve the injunctions and mandatory orders in connection therewith, defendants appeal. Appeal from order denying motion to vacate dismissed, and order appointing receiver affirmed.

Haff, Meservey, German & Michaels, Delbert J. Haff, and Charles W. German, all of Kansas City, Mo., for appellants.

Henry L. Jost and Frank Hagerman, both of Kansas City, Mo., for majority stockholders.

Oliver H. Dean and J. C. Rosenberger, both of Kansas City, Mo. (Rosenberger & Reed and Warner, Dean, McLeod & Langworthy, all of Kansas City, Mo., of counsel), for appellees and intervening minority stockholders.

Before SANBORN and HOOK, Circuit Judges, and MUNGER, District Judge.

PER CURIAM. A consideration of the record in this case and the briefs and arguments of counsel has convinced the court:

(1) That the order of December 28, 1916, denying the motion to vacate the order appointing the receiver and to dissolve the injunctions and mandatory orders of August 29, 1916, is not appealable.

---

(2) That the order of August 29, 1916, appointing Henry C. Flower receiver herein was appealable.

(3) That while the court does not find from the record any intentional violation of any trust or duty on the part of Mr. Downing, the president of the company and chairman of its executive committee, or of the directors and members of the executive committee, other than the liquidating agent, the pleadings and evidence, including the order of October 11, 1902, in the Bierce case, sustain the order appointing the receiver and disclose no abuse of discretion by the district court in making it.

(4) That at the hearing in this court the fear of great expense in liquidating the property and distributing its proceeds seemed to possess everybody.

(5) That there seem to be two distinct parts to the present proceedings: (a) The suit to recover of the liquidating agent amounts claimed to be owing to the Guardian Trust Company by him; and (b) the sale of the property of the Guardian Trust Company and the property of its subsidiary companies and the distribution of their proceeds under the orders of the court.

(6) That in this court the defendants offered, as the court understands their offer, to do the latter part under the direction and orders of the court without fees, charges, or expense.

(7) In view of the above facts we suggest, for the consideration of the District Court, the wisdom of allowing the case to proceed for the trial of the claims against the liquidating agent, taking a bond for the payment of any award that may be made against him, securing a relinquishment of the contract of liquidation, allowing the Trust Company, under the orders and the direct supervision of the court, to conduct and complete a speedy liquidation of its property including that of the subsidiary companies and the distribution of the funds and proceeds among its stockholders without cost beyond that of mere clerical assistance, and giving all parties in interest full opportunity to be heard regarding the details of the liquidation.

Let the appeal from the order of December 28, 1916, denying the motions to vacate the order appointing the receiver and to dissolve the injunctions and mandatory orders of August 29, 1916, be dismissed, and let the order of August 29, 1916, appointing Henry C. Flower receiver be affirmed.

Let the mandate in this case issue forthwith.