**PERRY et al. v. WILSON.**

No. 5312.

Court of Appeals of District of Columbia.

Argued March 2, 1931.

Decided April 6, 1931.

Ernest C. Dickson, of Washington, D. C., for appellants.

C. H. Doherty, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

In administration.

The record discloses that on January 6, 1930, Nellie Wilson Perry, a resident of the District of Columbia, died intestate without living issue, leaving her husband and certain brothers and sisters as her next of kin and heirs at law.

The deceased left an estate of real and personal property approximating $16,000 in value, and on January 20, 1930, her surviving husband, Theodore J. Perry, was appointed and qualified as administrator of the estate.

On April 22, 1930, said Theodore J. Perry, on behalf of himself, brought suit in equity in the Supreme Court of the District of Columbia against himself as administrator and the heirs of decedent as defendants, claiming of his own right to be the owner by way of a resulting trust of a large part of the decedent's property.

On May 1, 1930, a petition was filed by one of the heirs praying for the removal of the administrator because of this suit. On June 5, 1930, the court after a hearing removed the administrator, appointed Zackary Wilson as administrator d. b. n., and ordered the former administrator to forthwith account and transfer the assets of the estate to his successor in office. The removed administrator noted an appeal from the court's order, and also filed a motion for a rehearing. This motion was stricken from the files on July 9, 1930, and an appeal was again noted.

On July 22, 1930, the removed administrator filed a petition for the removal of his successor as administrator d. b. n., upon the ground that, prior to his appointment, to wit, on June 17, 1926, he had been convicted in the police court of the District of Columbia of a violation of the National Prohibition Act (27 USCA), and that, under section 261, D. C. Code (D. C. Code 1930, T. 29, § 71), he was disqualified to serve as an administrator. A motion to dismiss this petition was sustained by the court on July 30, 1930.

On July 29, 1930, Theodore J. Perry filed his first and final account as administrator of decedent's estate, showing a balance of assets in his hands in the sum of $3,483.14, which he claimed in his own right as set out in the equity suit aforesaid. In the account, the administrator claimed credit for $1,046 funeral expenses, $250 attorney fee, $12 premium on bond, and $257 commission. Exceptions to these items or parts thereof were filed by the administrator d. b. n., and on August 7, 1930, the exceptions were sustained by the Court. On August 26, 1930, the claims for attorney fee and administrator's commission being again considered by the court, the former ruling disallowing them was sustained and reaffirmed. Whereupon an appeal was noted.

In this court the appellant presents 14 assignments of error.

Assignments 1, 2, 3, 4, 5, 7, 8, and 9 refer to the order of June 5, 1930, whereby appellant was removed as administrator. These assignments are overruled because that order was a final order and appealable, and no appeal was perfected until August 26, 1930, too late to be effective. Assignment 6 relates to the order of the court refusing to remove the administrator d. b. n. upon appellant's motion. This is likewise overruled because the appeal from the order was not perfected in time. Assignments 10, 12, and 13 relate to the disallowance in appellant's account of the credits taken for attorney fee, commission, and bond premium. These are overruled, inasmuch as no bill of exceptions was settled preserving the evidence upon which the court acted. Assignment 11 is frivolous. Assignments 10, 12, 13, and 14, moreover, are not sustained by the record.

Appeal in so far as it relates to the orders of June 5, 1930, and July 9, 1930, is dismissed for want of jurisdiction; and the orders of August 7, 1930, and August 26, 1930, are affirmed.

Mr. Justice HITZ took no part in the consideration or decision of this case.