958

## UNITED STATES v. OTLEY et al.
### No. 9696.

Circuit Court of Appeals, Ninth Circuit.

Jan. 20, 1940.

See also D.C., 34 F.Supp. 182.

Carl C. Donaugh, U. S. Atty., J. Mason Dillard, Asst. U. S. Atty., and Hugh L. Biggs, Sp. Atty., all of Portland, Or., for appellant.

John W. McCulloch and Edwin D. Hicks, both of Portland, Or., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

On December 17, 1936, the United States (hereafter called plaintiff) brought this suit against Henry Otley and thirty-eight others (hereafter called defendants) to quiet plaintiff's title to certain real property in Harney County, Oregon. On January 11, 1937, the District Court, on motion of plaintiff, appointed a receiver to take possession of the property. Defendants answered, asserting title in themselves to certain portions of the property and praying that their titles be quieted. Plaintiff replied, a trial was had, and the court, on June 29, 1940, entered what purported to be a judgment. From the purported judgment all parties appealed—plaintiff on September 27, 1940, defendants on September 28, 1940. The record was filed in this court on December 12, 1940, but the appeals have not as yet come on for hearing.

On December 6, 1940, the trial court made an order vacating its order appointing a receiver. On January 2, 1941, plaintiff filed in this court a motion "for an order reinstating the receivership." Thereby, in effect, we are asked to review and reverse the order of December 6, 1940. This we may not do, for that order was not appealed from. It could not have been appealed from, for it was not a final decision,[1] nor was it an appealable interlocutory order or decree.[2] It is not reviewable on either of the appeals from the purported judgment, for those appeals were taken before the order was made. United States v. Asher, 9 Cir., 111 F.2d 59, 60. It was, moreover, a discretionary order,[3] which, if reviewable at all, would be reviewable only for an abuse of discretion;[4] and no abuse is shown.

If the motion were treated as an original application for the appointment of a receiver, it would have to be denied,

[1] Judicial Code, § 128(a), 28 U.S.C.A. § 225(a).

[2] Judicial Code, §§ 128(b), 129, 28 U. S.C.A. §§ 225(b), 227.

[3] 53 C.J., Receivers, §§ 94, 106, pp. 80, 87.

[4] 5 C.J.S., Appeal and Error, § 1592, p. 489.

for this court has no original jurisdiction of receivership proceedings. If treated as a motion for the appointment of a receiver in aid of this court's appellate jurisdiction, it would be denied for several reasons. In the first place, it is doubtful whether this court has, in any case, the power to appoint a receiver in aid of its appellate jurisdiction or for any other purpose. See Pacific Railroad v. Ketchum, 95 U.S. 1, 2, 24 L.Ed. 347.

Secondly, it is doubtful whether, in this case, any valid appeal is pending. The pending appeals cannot be valid unless the purported judgment was appealable. At present we are strongly inclined to the view that the purported judgment was not a judgment at all,[5] much less an appealable one. As to that, however, we reserve decision until counsel have briefed the question[6] and have had opportunity to be heard.

And finally, if this court's power to appoint a receiver were clear—as it is not— the power should not be exercised in this case, for the record discloses no facts warranting such exercise. Instead, it convinces us that the appointment of a receiver is wholly unnecessary.

Motion denied.

HEALY, Circuit Judge (concurring).

There is no mystery about the nature of the motion. It is not and does not purport to be an appeal from the order vacating the receivership. It is a direct application for the appointment of a receiver or the reinstatement of the receivership. The moving party seeks thereby to have this court maintain the status quo pending the final disposition of the appeal.

I express no opinion whether this court may not, in urgent circumstances, appoint a receiver in aid of its appellate jurisdiction. And I do not join in speculations concerning the judgment or its possible lack of finality. All that the court has decided relative to the motion actually before it is that, assuming our power in the premises, we decline to exercise it on the basis of the facts shown. With that I agree.

---

[5] The purported judgment appears to be a mere statement of certain findings and conclusions of the trial court. It does not quiet plaintiff's title or that of any defendant to any of the property in question, nor does it determine the rights of the parties in respect of the property. It concludes with the statement that "all questions upon which judgment and declaration is not herein specifically contained are reserved by the court for future proceedings in declaratory judgment or in accordance with the allegation of the original complaint."

