**TAYLOR et al. v. GOTTSCHALK & CO., Inc., et al.**

Civil Action No. 599.

District Court, M. D. Pennsylvania.

June 21, 1941.

Albert Houck, of Lewistown, Pa., for plaintiffs.

JOHNSON, District Judge.

This is a stockholder's bill brought by Ella G. Taylor, for herself and all other stockholders of the defendant corporation, alleging fraud and mismanagement by defendant's officers, and praying the appointment of a receiver, a distribution of all the assets, and other general relief. The suit, originally brought in the Court of Common Pleas of Mifflin County, Pennsylvania, was removed to this court upon motion of the defendant. The matter now before the court is a motion of plaintiff to remand on the ground that the amount in controversy does not exceed $3,000 exclusive of interest and costs.

The object of plaintiffs' bill is to secure the appointment of a receiver to gain control of the entire assets of the defendant corporation. These assets plaintiff admits amount to about $5,000. The relief is asked for the benefit of all defendant's shareholders. Under these circumstances, the amount involved is the amount over which the complainant seeks to gain control, the entire assets of the corporation: Klein v. Wilson & Co., D.C., 7 F.2d 772, 776, affirmed 3 Cir., 7 F.2d 777; Towle v. American Building, Loan & Investment Society, C.C., 60 F. 131; Taylor v. Decatur Mineral & Land Co., C.C., 112 F. 449.

In Cole v. Philadelphia & Eastern R. Co., C.C., 140 F. 944, 945, the court said: "In * * * a suit by a bondholder or shareholder for the appointment of a receiver of a corporation the amount in controversy is the value of the entire corporate assets."

The cases cited by plaintiff, in support of her contention that the measure of the amount involved is the possible recovery which plaintiff individually may receive, can all be distinguished, because in each of those cases the direct and primary purpose of the suit was to protect the separate and distinct interest of the plaintiff: Johnson v. Ingersoll, et al., 7 Cir., 63 F.2d 86, 88.

For the above reasons the motion to remand is hereby denied.