**ALBERT v. SCHOOL DISTRICT OF PITTSBURGH et al.**

**No. 10185.**

United States Court of Appeals Third Circuit.

Argued April 11, 1950.

Decided April 12, 1950.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Mortimer B. Lesher, Pittsburgh, Pa., for appellees.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The appeal at bar was taken from an order, orally made,[1] by the court below refusing to grant a temporary restraining order to restrain a hearing to be conducted by the defendants or by some of them, in particular by "The Board of Public Education" of Pittsburgh on the question as to whether or not the appellant's, Dorothy Albert's, contract and tenure as a professional employee of the School District of Pittsburgh should be permanently terminated or ended because she has been charged with being a Communist or because she is a member of the Civil Rights Congress. This, it is alleged, has been designated as a Communist front organization by Attorneys General of the United States and the Committee on Un-American Activities of the House of Representatives of the United

1. We call attention again as we have in the past, to the desirability, if not the necessity, of the United States District Courts of this Circuit filing written orders at any critical stage of proceedings. See Magee-Hale Park-O-Meter Company v. Vehicular Parking, Ltd., et al., 3 Cir., 180 F.2d 897.

States Congress. By a resolution adopted March 28, 1950, the Board recited the allegations to which we have referred and resolved "That the contract with Miss Dorothy Albert as a professional employee of the School District of Pittsburgh be terminated in accordance with section 1122[2] of the Public School Code of 1949 which reads in part as follows: 'The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be * * * participating in un-American or subversive doctrines * * * on the part of the professional employe * * *'" and "that the date for a formal hearing on these charges [against the appellant] as provided in section 1127 of the Public School Code [of Pennsylvania] of 1949 be set for Tuesday, April 11, 1950 at 4 P.M."

On April 6, 1950 the appellant filed her complaint in the court below, seeking the interposition of a three-judge statutory court, to be constituted pursuant to the provisions of Section 2281, Title 28, United States Code Annotated, and for a temporary restraining order pursuant to Section 2284(3), alleging in substance that the action taken by the Board and the hearing contemplated by it, based on Sections 1122 and 1127[3] of the School Code of Pennsylvania of 1949, Laws of Pennsylvania, Volume 1, 1949, 24 P.S. § 1—101 et seq., were in derogation of the appellant's constitutional rights guaranteed to her by the First and Fourteenth Amendments to the Constitution of the United States. On April 7, 1950, when the court below, after hearing, denied appellant's application for a temporary restraining order, Albert appealed. The Board of Public Education of Pittsburgh and the other defendants to the action have moved, inter alia, to dismiss the appeal.

On April 8, 1950 the present writer, having received a certification from District Judge Gourley, to whom application was made, that there was a substantial federal question requiring the interposition of a Section 2284(1) court, designated the members of such a court in accordance with the statute.

The appeal at bar must be dismissed. We pass by the issue as to whether or not this court, as distinguished from the Supreme Court, has jurisdiction to entertain it, notice of appeal having preceded the making of the order constituting the three-judge statutory court. Cf. Sections 1253, 1291, 1292, 2281, and 2284, Title 28, United States Code; Stainback v. Mo Hock Ke Lok Po, 336 U.S. 368, 69 S.Ct. 606 and Diggs v. Pennsylvania Public Utility Commission, 3 Cir., 180 F.2d 623. In the view that we take of the case it is not necessary for us to decide this question.

The appeal at bar is an interlocutory one, and, under the circumstances of the instant case and for reasons which will be set out hereinafter, what was stated in Morgenstern Chemical Co., Inc., v. Schering Corporation, 3 Cir., 181 F.2d 160, is apposite. Judge Hastie said of the order in the Morgenstern case that it lacked "* * the potential of drastic and far reaching effect on the rights of the parties which is characteristic of orders which decide the propriety of granting or refusing injunctions." In Cohen v. Beneficial Loan Corporation, 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, the Supreme Court said that Section 1292 indicates "* * * the purpose to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties." See also the authorities cited in the 12th paragraph of Judge Hastie's opinion in Morgenstern. Cf. Maxwell v. Enter-

**2.** Section 1122, Article XI, p. 170 of the School Code of Pennsylvania of 1949, in pertinent part reads as follows: "The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or par-

ticipating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe."

**3.** Section 1127 provides the detailed procedure relating to dismissals, to charges, to notice and to hearing. Its contents need not be set out here.

prise Wall Paper Co., 3 Cir., 131 F.2d 400, 402. The order appealed from in the instant case is analogous to the decree in the Morgenstern case as distinguished from the judgment which was before the Supreme Court in Cohen v. Beneficial Loan. It does not possess the characteristics of an appealable interlocutory order for the reasons set out hereinafter. In so stating we do not exclude the possibility that appeal may lie from a temporary restraining order or an order denying temporary preliminary relief under other circumstances.

The appellant has, in effect, been suspended, though the resolution of the Board uses the word "terminated". The word "discharged" is used in the Public School Code to indicate the complete and final separation of the employee from the service. See Section 1130. Sections 1126 and 1127 provide for a hearing for the accused teacher, a professional employee, before the School Board (Board of School Directors). Section 1128 provides for the subpoenaing of witnesses both by the Board and by the accused teacher. Section 1129 states that a vote of two-thirds of the members of the Board is required to effect a discharge. Section 1130 provides for notice of discharge and also for the physical expunging of the charge itself from the records of the Board if the decision is in favor of the professional employee. The same section states that there shall be no abatement of salary or compensation if the decision is in favor of the accused. Section 1131 provides for an appeal to the Superintendent of Public Instruction whose decision shall be final unless an appeal is taken to the Court of Common Pleas. Section 1132 provides for such an appeal. It is obvious, therefore, that the appellant may be reinstated or she may be discharged, but as yet no final action has been taken in her case by the Board or the Pennsylvania authorities.

The decision of Reinecke v. Loper, D.C. Hawaii, 77 F.Supp. 333, is very close in its facts to the instant case and we deem that decision to be persuasive albeit a temporary restraining order had issued in the cited case. In the Reinecke cases, 77 F.Supp. at pp. 335–336 it was said: "It is a well established principle of law that where matters peculiarly within the purview of an administrative body are before it for disposition, a court of the United States will not (other than by way of a restraining order) enjoin the administrative process unless the circumstances alleged demonstrate that irreparable harm and injury will occur to an individual by reason of the application of an unconstitutional law or by the illegal application of a statute otherwise valid. This principle is set forth by the Supreme Court of the United States in Natural Gas Pipeline Co. of America v. Slattery, 302 U.S. 300, 311, 58 S.Ct. 199, 82 L.Ed. 276, and the authorities therein cited. The qualifications of the plaintiffs as school teachers lie peculiarly within the province of the Commissioners of Public Instruction of the Territory of Hawaii. The plaintiffs were suspended prior to the filing of the complaints but no final action has been taken by the Commissioners on the charges brought by the Superintendent of Public Instruction which would deprive them permanently of their teaching offices or tenures. While it is true that at the trials before the Commissioners the plaintiffs may be deprived of their teaching offices and of their tenures such, however, may not be the result. The plaintiffs in fact may be reinstated and made whole as to pay. We point out that the Commissioners of Public Instruction and the public officials of the Territory of Hawaii are as fully subject to the provisions of the Civil Rights Act [8 U.S.C.A. §§ 41, 43, 44, 46] and of the Constitution of the United States as are we ourselves. The Commissioners must properly apply the law and afford the plaintiffs full and fair hearing. If the plaintiffs are illegally deprived of their offices and tenures by the Commissioners, they may then state causes of action which may not only be cognizable in this court under the Civil Rights Act but also of such a nature as to require a Federal court of equity to exercise its jurisdiction on their behalf. Concerning any possible future suit or suits we, of course, presently express no opinion. We are of the view, however, that the suits at bar are at best premature, and in the exercise of

what we deem to be our sound legal discretion we will dismiss the actions."

The fact that the District Court of the United States for the District of Hawaii in the Reinecke cases interpolated the phrase quoted above, viz., "other than by way of a restraining order", is not pertinent to the issues in the instant case for the District Court discharged the restraining order and dismissed the actions in the cited cases when it appeared that the suits, like the action at bar, were premature.

For the reasons stated the appeal will be dismissed.