### COSKERY v. ROBERTS & MANDER CORP. et al.

### No. 10426.

United States Court of Appeals
Third Circuit.

Argued March 21, 1951.

Decided May 9, 1951.

---

David Berger, Philadelphia, Pa., for appellant.

Bertram Bennett, Philadelphia, Pa., for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This appeal arises out of an equity receivership proceeding by a Pennsylvania stockholder against the defendant, a Delaware corporation, engaged in manufacturing electric and gas ranges at Hatboro, Pennsylvania. On June 29, 1950, after a two day hearing during which counsel for the board of directors consented to the appointment of the receivers, the District Judge entered an order appointing temporary receivers for the corporation. No appeal was taken from that order. On November 24, 1950, the appellant, Victor S. Markovitz, owning 1625 shares of the common stock of defendant corporation, filed a petition for an order vacating the receivership and on January 19, 1951 he requested leave to intervene in the proceeding as an objecting shareholder. The District Judge entered an order on February 7, 1951, D.

C., 97 F.Supp. 14, denying the petition to vacate. This appeal followed.

We are faced at the outset with a motion by the appellees-receivers to dismiss the appeal on the ground that the order complained of is not within the exceptional group of appealable interlocutory orders, and that this appeal should therefore be dismissed. We so hold.

■■ Appellant first seeks to preserve his right to review by terming the order of the court below "a final decision" under 28 U.S.C. § 1291 which provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, * * * except where a direct review may be had in the Supreme Court." The order denying the petition to vacate is plainly not a final decision within the meaning of this section of the Judicial Code. As Mr. Justice Jackson said in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528: "The effect of the statute [Section 1291] is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal."

It is also urged by appellant that he is entitled to appeal from the order below by reason of 28 U.S.C. § 1292, which, so far as is here material, provides:

"The courts of appeals shall have jurisdiction of appeals from:

* * * * * *

"(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property".

■ The reported cases uniformly hold that the statute makes no provision for an appeal from an interlocutory order denying a motion to vacate an original appointment, but only allows appeals from interlocutory orders refusing to wind up receiverships or to take steps to accomplish the purposes thereof. Guardian Trust Co. v. Shedd, 8 Cir., 240 F. 689; Grand Beach Co. v. Gardner, 6 Cir., 34 F.2d 836; United States v. Otley, 9 Cir., 116 F.2d 958; Skirvin v. Mesta, 10 Cir., 141 F.2d 668, 672. As was said by Circuit Judge Mack in the Grand Beach case, supra, 34 F.2d at page 838:

"The statute makes no provision for an appeal from an interlocutory order denying a motion to vacate the original appointment, but only from one refusing 'to wind up a pending receivership.' The distinction, in our judgment, is important. It prevents repeated appeals from efforts made after the 30 days, to vacate the original appointment. * * *

"* * * we are clearly of the opinion that text and context forbid the insertion of such an addition to the legislative provision as would permit an appeal from an order refusing to vacate a receivership. 'To wind up a pending receivership' has a clear meaning: it presupposes a receivership in course of administration, which because of changed circumstances ought not to be continued. 'To vacate a receivership' indicates, on the other hand, a termination with such retroactive effect as may be feasible, an annulment if possible. The one looks to the future; the other, to the past. This view is fortified by the concluding clause of the section added by the same amendment. Both of these provisions deal with the further administration of a pending receivership; the one to end it in toto, because its purpose is accomplished; the other to direct certain definite steps in the proper administration thereof.

"An order, therefore, denying a motion, in form 'to wind up,' but in substance 'to vacate,' the receivership, based solely upon the illegality or impropriety of the original order appointing a receiver, would not be appealable. Such an appeal cannot be obtained by indirect means."

Appellant agrees that it is only the specifically stated order appointing a receiver which is appealable by the first part of Section 1292(2) and that, ordinarily, under the reported decisions, as he says in his brief, the terms of Section 1292(2) "* * * would be vitiated if, after the lapse of time permitted to appeal from an

order appointing receivers, a petition to vacate and an order entered thereon were deemed to be appealable." But, in effect, he contends that his allegedly special facts constitute an exception to this rule because he was not served with process, he did not participate in the proceedings resulting in the appointment of the receivers, he had no opportunity to contest the propriety of the appointment of the receivers on a jurisdictional or other basis, and in no sense was he a party to those proceedings. He, therefore, urges that, under those alleged facts, the order denying his petition to vacate the order appointing receivers poses an unusual problem which is appealable. As authority for this proposition he relies on Mitchell v. Lay, 9 Cir., 48 F.2d 79, at page 85, where the court said: "Ordinarily the right to appeal from the order appointing receiver which is authorized by section 129 [now Section 1292(2)] is amply sufficient to protect the parties, and an appeal from an order refusing to vacate the receivership would be entirely unnecessary and it would tend to excuse the defendant from appealing from the order appointing a receiver which it is his duty to do if he is dissatisfied therewith, but when the question is raised by a person who is brought into the court after the receiver is appointed and who has had no opportunity and no right to appeal from the order appointing a receiver, the situation is entirely different. His first opportunity to be heard with reference to the appointment of a receiver is upon his application to have the receivership vacated."

■ Even if the above statement were to be accepted arguendo it would still be obvious that appellant does not come within its terms. To hold otherwise would be to do violence to the Congressional policy against appeals from interlocutory orders except as permitted by Section 1292. It would equally thwart the express legislative enactment respecting the time for appeals from such orders.[1]

Appellant was not brought into court after the receivers were appointed as in the Mitchell case. He came in as an ob-jecting shareholder, a proper intervening party. At all times from the very commencement of the action on June 20, 1950 he had the right to petition for intervention. For that reason it cannot fairly be stated that his petition to vacate was his first opportunity to be heard with reference to the appointment of the receivers. He chose not to appear until he filed his petition to vacate the June 29, 1950 order, on November 24, 1950. He does not allege that he was unaware of the proceedings. Such a claim would be incredible if it were made for accompanying his petition to vacate filed November 24, 1950, is an affidavit dated August 17, 1950, attacking the jurisdiction of the court and the propriety of the original appointment of receivers.

Where there is justifiable delay which prevents the filing of the notice of appeal within the allowed thirty days, the statute, 28 U.S.C. § 2107, further provides that "The district court *may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed,* upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree." (Emphasis supplied.) So, if it be assumed that the appellant had no actual knowledge of the proceedings below prior to August 18, 1950, the date his affidavit was executed, the fact remains that on that date he still had the opportunity to contest the June 29, 1950 order appointing the receivers by invoking the special provision of Section 2107 above quoted. He did not join in that litigation because of his own election. He did nothing until almost five months after the order appointing receivers was entered. Rather than resembling the exceptional circumstances presented by the opinion in Mitchell v. Lay, supra, the instant problem is the ordinary situation provided for by Section 2107 and is governed by the decisions already mentioned, Guardian Trust Co. v. Shedd; Grand Beach Co. v. Gardner; United States v. Otley and Skirvin v. Mesta, all supra.

■ Appellant's petition before the District Court to vacate the order appointing receivers attacked not only the propriety

1. 28 U.S.C. § 2107; Rule 73(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

of the appointment but also the Court's jurisdiction. He contended that the matter in controversy did not exceed the $3,000 jurisdictional amount required in diversity cases.[2] Since in a cause under review a federal appellate court must satisfy itself not only of its own jurisdiction, but also of that of the lower court,[3] we have considered appellant's arguments with respect to jurisdiction. We think that the District Court possessed jurisdiction of this suit, though for a reason different from the one relied on by the court below.

The complaint states that the plaintiff, a citizen of Pennsylvania, sues " * * * in his own behalf and on behalf of all other stockholders who may desire to join." Coskery, the plaintiff, owned 100 shares of the outstanding common stock of the corporation, par value $1.00 each. A hearing on the complaint and the motion for the appointment of receivers was set down for June 28, 1950, at which time counsel representing substantial interests of both stockholders and creditors were present, together with counsel for Coskery and for the board of directors of the corporation. In the course of the hearing, holders of approximately 80,000 shares of stock were permitted to intervene as plaintiffs. When the appellant Markovitz challenged the Court's jurisdiction, the District Judge predicated the existence of the jurisdictional amount on the fact that this was a true class suit, and concluded that the aggregate of shares held by the plaintiffs and worth in excess of $80,000 satisfied the statutory requirement. Though we disagree with the learned judge in his premise, we agree with his ultimate finding that he had jurisdiction.

Generally speaking, in such an action as the one at bar where a stockholder seeks the appointment of a receiver for his corporation, the amount in controversy is the entire value of the corporate assets, on the theory that the relief or control asked for affects the entire value. Towle

v. American Building Loan & Investment Society, C.C.N.D.Ill., 60 F. 131, 134; Taylor v. Decatur Mineral & Land Co., C.C. N.D.Ala., 112 F. 449, 450; and such is the law of the Third Circuit; Cole v. Philadelphia & Eastern R. Co., C.C.E.D.Pa., 140 F. 944, 945; Klein v. Wilson & Co., D.C.N.J., 7 F.2d 772, affirmed by this court 7 F.2d 777. The Klein case was followed in Taylor v. Gottschalk & Co., Inc., D.C. M.D.Pa., 39 F.Supp. 619. In Hughes Federal Practice, Vol. 1, Section 451, the principle is stated to be that "In a stockholder's suit for the appointment of a receiver of a corporation, the amount in controversy is the value of the entire corporate assets."

The instant suit is sharply distinguishable from an action where the direct and primary purpose is to protect and secure the separate and distinct interest of the plaintiff, as was the fact in Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S. Ct. 480, 67 L.Ed. 871. There the plaintiff seeking the receivership was a creditor of the corporation looking to collect his debt through the receivership by having the debt declared a lien on its assets. The Supreme Court held that under such circumstances the amount in controversy was the amount of the plaintiff's claim as shown by the bill, saying with respect to the plaintiff's claim, 262 U.S. at page 85, 43 S.Ct. at page 483, 67 L.Ed. 871: "His only interest was to have that debt paid." Inferentially the Lion Bonding opinion, itself, lends some support to our conclusion that the jurisdictional amount in the present matter is to be tested by the value of the corporate assets which the plaintiff seeks to preserve. See Hughes Federal Practice, Vol. 1, Section 456.

We are satisfied, therefore, that the Court below had jurisdiction to hear Coskery's complaint.[4] It is immaterial that the District Court viewed the litigation as a true class suit. With the amount in controversy requirement fulfilled by the value

---

2. 28 U.S.C. § 1332(a) (1).

3. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462; Black &

Yates, Inc. v. Mahogany Ass'n, 3 Cir., 129 F.2d 227, 236, 148 A.L.R. 841.

4. The corporate assets within the Eastern District admittedly far exceeded $3,000.

of the corporate assets sought to be preserved, it follows that the District Court in fact had jurisdiction irrespective of the reason assigned below. Cf. Campbell Soup Co. v. Wentz, 3 Cir., 172 F.2d 80, 81.

For the reason that the order appealed from is interlocutory, and not within the exceptional class of appealable interlocutory orders created by 28 U.S.C. § 1292(2), the motion to dismiss the appeal will be allowed.