## COLLINS v. MILLER.

### No. 11140.

United States Court of Appeals District of Columbia Circuit.

Decided July 10, 1952.

---

William B. Collins, pro se.

John J. Carmody, for appellee.

On Appellee's Motion to Docket and Dismiss.

Before STEPHENS, Chief Judge, WILBUR K. MILLER and BAZELON, Circuit Judges.

STEPHENS, Chief Judge.

The question in this case is whether or not an order of the United States District Court for the District of Columbia dismissing a petition for the removal of the administrators of the estate of a decedent is appealable. The order was entered May 29, 1951.

The question arises as follows: On June 27, 1946, letters of administration of the estate of James L. Collins, deceased, were issued by the District Court to Charles Perry Miller, Jr., and to Roy M. Perry. Miller is the present appellee; Perry was named an appellee, but died pending the appeal. On October 26, 1950, the appellant, William B. Collins, filed a petition in the District Court alleging, in substance and effect, the following:

William B. Collins is "one of the heirs and/or next of kin" of the decedent, James L. Collins. The administrators Miller and Perry failed during the period of four and one-half years following the issuance of letters of administration to file an inventory and account as required by law. The administrators Miller and Perry transferred to the estate of the decedent, James L. Collins, only the sum of $34,-184.46 out of a total of $44,349.62 due said decedent out of the properties of Jeremiah J. Collins, deceased, of whose estate Miller and Perry were also administrators. The administrators Miller and Perry failed to invest in United States bonds, as ordered by the District Court, the sum of $50,000 out of the funds of the decedent, James L. Collins.

As a basis for the relief sought the petition referred to numerous provisions of the District of Columbia Code of 1940 and to Rules of the District Court allegedly implementing the same. In particular the petition relied upon Title 18–401, requiring an administrator, within two months after his appointment, to make and return, upon oath, into court a true inventory of all the goods, chattels, moneys and credits of the deceased which are by law to be administered and shall have come to his possession or knowledge; Title 20–601, requiring every administrator to render to the probate court within twelve months from the date of his letters of administration the first account of his administration; Title 20–602, requiring the administrator from time to time to render other accounts, if the first account should not show the estate which was on hand to be fully administered; Title 20–604, requiring the account returned to state the assets which have come to the administrator's hands, according to the inventory; Title 20–605, requiring the account returned to state the disbursements made by the administrator; Title 20–603, providing that: "If an . . . administrator shall fail to return an account within the time limited by law or fixed by the rules of court, or within such further time as the probate court shall allow, his letters, on application of any person interested, may be revoked and administration granted at the discretion of the court"; Rule 46(b) of the District Court providing that if a proper inventory or account is not filed by a fiduciary within the time prescribed, the Register of Wills shall promptly inform the court, which upon a summary hearing shall remove the fiduciary and appoint a successor, unless for good cause shown the failure is deemed excusable. The petition prayed for the removal of Miller and Perry as administrators and for the appointment of a solvent and competent successor administrator, prayed that because of the alleged derelictions in the performance of their duties nothing be allowed in fees to Miller and Perry, and prayed that upon removal as administrators Miller and Perry be required forthwith to account to their successor. Miller and Perry filed an answer to the appellant's petition. After intermediate orders entered by the District Court which we need not consider, the order of May 29, 1951, dismissing the petition was entered. This appeal was then taken from that order. Thereafter Miller and Perry, as appellees, filed a motion to dismiss the appeal upon the ground that the order is interlocutory in character and that no appeal lies therefrom to this court.

Section 1291 of 28 U.S.C. provides, so far as here pertinent, that "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . .." We think that within the meaning of that section, as construed and applied by the Supreme Court in Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1 (1951), Swift & Co. v. Compania Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), and Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the order of May 29, 1951, is a final decision of the District Court and is therefore one appealable to a United States Court of Appeals. In Cohen v. Beneficial Loan Corp., the ultimate question was whether a federal court having jurisdiction of a stockholder's derivative action only because the parties to the suit were of diverse citizenship must apply a statute of the forum state which made the plaintiff, if unsuccessful, liable for the reasonable expenses, including attorneys' fees, of the defense and entitled the corporate defendant to require security for their payment. The corporate defendant moved in the United States District Court for New Jersey, wherein the derivative action had been filed, to require security. That District

Court was of the opinion that the state statute was not applicable to a derivative action when pending in a federal court. The Court of Appeals for the Third Circuit took a contrary view and reversed. On appeal to the Supreme Court a threshold question was whether or not the District Court's order refusing to apply the statute was appealable. The Supreme Court held that it was. In so ruling it expressed itself, in an opinion written for the Court by Mr. Justice Jackson (Mr. Justice Frankfurter and Mr. Justice Douglas dissenting in part, Mr. Justice Rutledge dissenting), as follows:

Title 28 U.S.C. § 1291 provides, as did its predecessors, for appeal only 'from all final decisions of the district courts,' except when direct appeal to this Court is provided. Section 1292 allows appeals also from certain interlocutory orders, decrees and judgments, not material to this case except as they indicate the purpose to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties. It is obvious that, if Congress had allowed appeals only from those final judgments which terminate an action, this order would not be appealable.

The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal. But the District Court's action upon this application was concluded and closed and its decision final in that sense before the appeal was taken.

Nor does the statute permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results. But this order of the District Court did not make any step toward final disposition of the merits of the case and will not be merged in final judgment. When that time comes, it will be too late effectively to review the present order, and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably. We conclude that the matters embraced in the decision appealed from are not of such an interlocutory nature as to affect, or to be affected by, decision of the merits of this case.

This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction. Bank of Columbia v. Sweeny, 1 Pet. 567, 569 [7 L.Ed. 265]; United States v. River Rouge Co., 269 U.S. 411, 414, [46 S.Ct. 144, 70 L.Ed. 339]; Cobbledick v. United States, 309 U.S. 323, 328 [60 S.Ct. 540, 84 L.Ed. 783].

We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.

In Stack v. Boyle, the Supreme Court ruled that the proper proceeding for testing the correctness of an order of a district court denying a motion to reduce bail is not habeas corpus but an appeal from the order denying the motion. In saying that such an order is appealable as a final decision under 28 U.S.C. § 1291, the Supreme Court relied upon the Cohen case. In Swift & Co. v. Compania Caribe, the Supreme Court held that an order of a district court vacating an attachment secured in a libel *in personam* is reviewable under 28 U.S.C. § 1291. Again the Supreme Court relied upon the Cohen case.

While the petition for the removal of Miller and Perry as administrators was filed in the probate proceeding and while the order of the District Court of May 29, 1951, was an order which related to the administration of the decedent's estate, it was the result of a collateral proceeding; to wit, the removal proceeding contemplated by Title 20–603 of the District of Columbia Code. If the order was erroneous and is not appealable its effect upon the right of the appellant Collins as a beneficiary of the estate will be final, because the administration of the estate will continue under and be completed by administrators not disposed to conduct the administration in a manner responsive to the provisions of the Code and the Rules of the District Court—the purpose of which is to secure prompt and proper administration in the interest of those entitled to distribution. The order was not tentative, informal or incomplete; on the contrary, it finally disposed of the claimed right of the appellant Collins to remove Miller and Perry as administrators, and finally clothed the latter with authority to complete the administration. The order was not a mere step toward final judgment in which it would merge. On final distribution of the estate it will be too late effectively to re-

view the order, and the rights conferred by the Code to prompt and proper administration of the estate will be lost, probably irreparably. We think that like the order in the Cohen case, the order in the instant case is appealable because it was a final disposition of the claimed right, not an ingredient of the administration of the estate itself and not requiring consideration with it.

The appellee Miller, through his counsel, principally relies, in contending that the order of May 29, 1951 is not appealable, upon the following cases: Skirvin v. Mesta, 141 F.2d 668 (10 Cir.1944); United States v. Otley, 116 F.2d 958 (9 Cir.1940); Grand Beach Co. v. Gardner, 34 F.2d 836 (6 Cir. 1929); Guardian Trust Co. v. Shedd, 240 Fed. 689 (8 Cir.1917). Counsel cites these cases as holding that an order denying a motion for the removal of a receiver is not appealable and urges that they, therefore, constitute, by analogy, precedents against the appealability of the order in the instant case. We think the cases are distinguishable. In Skirvin v. Mesta, Grand Beach Co. v. Gardner, and Guardian Trust Co. v. Shedd, the motions, orders denying which were held not appealable, were not motions to remove a receiver for cause, but motions to disestablish the receivership itself. The motions were attempts at an indirect appeal from the orders appointing a receiver, i. e., establishing the receivership, after the expiration of time for the taking of an appeal from such orders. United States v. Otley involved an order of a district court vacating its own previous order appointing a receiver. Upon an appeal from a "purported judgment" entered in the action in which a receiver had been appointed, a motion was made in the Court of Appeals for an order reinstating the receivership. The Court of Appeals said that this was in effect a request to review and reverse the order vacating the order appointing the receiver, but that the court could not review and reverse that order since it had not been appealed from. The Court of Appeals added that it could not have been appealed from because it was not a final decision and not an appealable interlocutory order or

decree. That, however, was obviously but dictum. Moreover, like the three cases above commented upon the case involved no question of removal of the receiver for cause, but only a question concerning the continuance of the receivership.

Counsel for appellee Miller, with commendable frankness, refers the court to Perry v. Wilson, 60 App.D.C. 109, 48 F.2d 1021 (1931), as a ruling by this Court of Appeals that an order dismissing a petition for the removal of an administrator for cause is appealable. The court in that case, in dealing with an assignment of error relating to such an order overruled the assignment "because the appeal from the order was not perfected in time." That was, on the face of the opinion of the court, a ruling that implied that the order was appealable. But an examination of the briefs and record in Perry v. Wilson discloses that the question raised was not as to the appealability of the order but as to whether the appeal was taken in time, and therefore the case is not strictly an authority for the appealability of such an order. Accordingly, we do not base our decision in the instant case upon Perry v. Wilson. We rely upon the decisions of the Supreme Court above reviewed.

Motion to dismiss the appeal denied.