### WALLACE PRODUCTS, Inc.

*v.*

### FALCO PRODUCTS, Inc., Charles Shore and Morton Shore, Appellants.

#### No. 12063.

United States Court of Appeals
Third Circuit.

On Motion To Dismiss Appeal
March 8, 1957.

Decided March 29, 1957.

Max R. Millman, Philadelphia, Pa. (Caesar & Rivise, Philadelphia, Pa., on the brief), A. D. Caesar, David M. Hass, Bernard S. Ochman, Philadelphia, Pa., for defendants-appellants.

Arthur H. Seidel, Philadelphia, Pa. (Maximillian J. Klinger, Theodore R. Mann, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and HASTIE, Circuit Judges, and McILVAINE, District Judge.

PER CURIAM.

The appellee in this case moves to dismiss the appellants' appeal for want of jurisdiction in this court. The plaintiff's action in district court was for a declaratory judgment of invalidity and non-infringement by it of two patents owned by the defendant, Falco. The defendants moved to dismiss the complaint so far as it related to a patent numbered 2,743,979. The reason assigned for the motion was that there existed no actual controversy as to the patent just mentioned because, the motion said, plaintiff was never charged with infringement thereof. The district court denied the motion to dismiss whereupon the defendants took this appeal.

It is perfectly clear to us that the appeal must be dismissed. 28 U.S.C. § 1292 states the four cases in which interlocutory orders of district courts may be appealed to Courts of Appeals. 28 U.S.C. § 1291 is the broader section giving Courts of Appeals jurisdiction from all "final decisions of the district courts." This case does not come within a final decision nor does it come within any of the exceptional cases in section 1292. The appellants say that it is axiomatic that a party has a right of appeal prior to trial where he may not have such right of appeal at the termination of the trial. They also say that it is axiomatic that a party has a right of appeal prior to trial where the trial court's decision can be only advisory and might cause irreparable damage. The dictionary defines axiomatic as something "self-evident." The appellants' propositions are not self-evident at all. The jurisdiction of United States Courts of Appeals is based on the statutes governing it. The decree must either be final or come within one of the exceptions to that requirement.

It would be pedantic to cite a long list of authorities on this incontrovertible point. Our own decisions in Ritter v. Wyoga Gas & Oil Corp., 3d Cir., 1940, 110 F.2d 524 and Morgenstern Chemical Co. v. Schering Corp., 3d Cir., 1950, 181 F.2d 160, are directly in point. See also Cummings v. Redeeriaktieb Transatlantic, 3 Cir., 1957, 242 F.2d 275.

The appeal will be dismissed for want of jurisdiction.