COLONIAL DRIVE-IN THEATRE, INC.,
Plaintiff-Appellant,

v.

WARNER BROS. PICTURES, INC., et al.,
Defendants-Appellees.

HARMAR DRIVE-IN THEATRE, INC.,
Plaintiff-Appellant,

v.

WARNER BROS. PICTURES, INC., et al.,
Defendants-Appellees.

Nos. 84, 83, Dockets 25211, 25210.

United States Court of Appeals
Second Circuit.

Argued Jan. 8, 1959.

Decided Jan. 26, 1959.

Stanley L. Kaufman, of Kaufman, Taylor & Kimmel, New York City (Irwin M. Taylor, New York City, on the brief), for appellants.

John F. Caskey, of Royall, Koegel, Harris & Caskey, New York City, and E. Compton Timberlake, New York City, for appellees.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and GIBSON, District Judge.

PER CURIAM.

In these two antitrust actions this court, reversing the district court, entered orders disqualifying the plaintiffs' counsel; this proceeding terminated, after attempts to obtain a rehearing failed, with the denial of certiorari by the Supreme Court on October 14, 1957. Harmar Drive-In Theatre v. Warner Bros. Pictures, 2 Cir., 239 F.2d 555, rehearing denied 2 Cir., 241 F.2d 937, certiorari denied 355 U.S. 824, 78 S.Ct. 31, 2 L.Ed.2d 38. Thereafter the plaintiffs, experiencing difficulty in obtaining new counsel to represent them, succeeded in retaining present counsel only shortly before the absolute dismissals from which these appeals are taken. Meanwhile on January 30, 1958, the defendants moved to dismiss for failure to prosecute. On February 12, Judge Dawson gave plaintiffs thirty days to comply with certain pretrial orders entered before the disqualification issue came to a head, and entered conditional dismissals, D.C.S.D.N.Y., 21 F.R.D. 331. A motion to extend this time limit was denied by Judge Noonan on March 25, and final dismissals were entered by Judge Bryan essentially *pro forma* on April 2, 1958. Due to the natural course of motion practice, the issues as to delay came before the district court in a piecemeal fashion. Thus this appeal represents the first occasion for a view of the entire situation in perspective.

Plaintiffs were faced with a real exigency in the loss of their counsel who had had sole responsibility for their representation in these important cases. We cannot find them guilty here of inordinate delay in trying to find new counsel. Moreover, the newly retained counsel promptly took steps to revive the actions, and they promise to continue to press them with vigor. These cases had been instituted in June 1955; and defendants, on the facts presented to us in some detail, must bear at least equal responsibility for the not unusual delay in their progress. Moreover, defendants must have known that their vigorous pressing of the disqualification issue—including their appeal from the district court's original refusal—would necessarily involve additional delay; they obviously concluded that counsel's elimination was a sufficiently necessary tactical step to justify the delay thus caused. We think that the interests of justice require that these actions be restored to the district court's docket for eventual trial and adjudication. Disqualification of an attorney should be restricted to its prime purpose of keeping the attorney-client relationship pure and undefiled and should not be made a step in depriving a litigant of his day in court.

The orders of dismissal are reversed and the actions are remanded for trial.