Dave **FLEISCHER**, individually and as Trustee in dissolution of Fleischer Studios, Incorporated, Plaintiff-Appellant,

v.

Louis **PHILLIPS** et al. (Phillips, Nizer, Benjamin & Krim), Respondents-Appellees.

No. 58, Docket 25152.

United States Court of Appeals Second Circuit.

Argued Jan. 6, 1959.

Decided Feb. 20, 1959.

Certiorari Denied May 25, 1959.

See 79 S.Ct. 1139.

Gustave B. Garfield, New York City, for plaintiff-appellant.

Seymour Shainswit, of Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for appellee Louis Phillips.

Simon H. Rifkind, of Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Edward N. Costikyan, of Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for appellees Robert S. Benjamin and Arthur B. Krim.

Daniel Huttenbrauck, of Mendes & Mount, New York City, for appellees

A. A. P., Inc., and Associated Artists Productions, Inc.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and GIBSON, District Judge.

CLARK, Chief Judge.

■ These are appeals from orders which deny plaintiff relief sought against respondents, defense attorneys in his pending action against Paramount Pictures, Inc., and other motion picture producers and distributors. Though respondents have not raised the issue, we must first decide whether the orders are appealable and give us jurisdiction for review. In substance the primary relief sought in each motion was the disqualification of the firm of Phillips, Nizer, Benjamin & Krim, which has represented defendants Paramount Pictures, Inc., Paramount Pictures Corporation, and Flamingo Films, Inc. Before Judge Herlands plaintiff contended that Louis Phillips of that firm had formerly represented plaintiff in matters relevant to this litigation, and sought an order barring the firm from the action and enjoining it from representing defendants while disqualified. The motion before Judge Palmieri was in form an application solely for an injunction *pendente lite;* disqualification was not requested. But the basis of the motion—that members of the law firm had allegedly acquired and were intending to acquire an interest in the subject matter of the action in violation of Canon 10 of the Code of Legal Ethics, N.Y. Judiciary Law, Appendix, McKinney's Consol.Laws, c. 30— was one which if substantiated most certainly would have resulted in counsel's disqualification; and the injunctive relief requested—that an allegedly champertous transaction be undone and the consummation of another prevented—is as collateral to the basic thrust of the motion as the incidental injunctive relief sought before Judge Herlands. The real and only bite to each motion is the attempt to secure the exclusion of the lawyers from the case; and once disqualification is obtained, all else is superfluous. Hence the prayers for injunctive relief

add nothing to the orders denying the motions and render neither of them automatically appealable under 28 U.S.C. § 1292(a) (1). Federal Glass Co. v. Loshin, 2 Cir., 224 F.2d 100, 101. See also Morgenstern Chemical Co. v. Schering Corp., 3 Cir., 181 F.2d 160; Albert v. School Dist. of Pittsburgh, 3 Cir., 181 F.2d 690, 691; American Airlines .v. Forman, 3 Cir., 204 F.2d 230; District 65, Distributive, Processing and Office Workers Union of New York and New Jersey v. McKague, 3 Cir., 216 F.2d 153; Wallace Products, Inc. v. Falco Products, 3 Cir., 242 F.2d 958; Division 689, etc. v. Capital Transit Co., 97 U.S. App.D.C. 4, 227 F.2d 19; 6 Moore's Federal Practice 49–51 (2d Ed.1953).

■ Accordingly, these appeals can be justified only if the orders are within the class made appealable by Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528. But surely this dreary and acrimonious proceeding, which has so overwhelmed the substance of this litigation that we are not told and are uncertain what the action is all about, does not arise from orders within "that small class which finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Indeed, the motion before Judge Palmieri involves no claim of right by plaintiff. The allegedly champertous transactions made the basis of that application caused no direct injury to plaintiff; plaintiff's status on that motion seems to be comparable to that of any citizen or officer of the court calling to the attention of the court a possible instance of misconduct occurring before it. And Judge Herlands' decision that no connection had been shown between Phillips' representation of plaintiff in the distant past and the issues involved in this litigation, though most thorough and persuasive, seems merely a procedural step, not of final character, and subject to reconsideration or change as new facts may develop.

As pointed out in the Cohen case, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, the very purpose of the "final" decision requirement of 28 U.S.C. § 1291 "is to disallow appeal from any decision which is tentative, informal or incomplete."

■ In Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, 2 Cir., 239 F.2d 555, rehearing denied 2 Cir., 241 F.2d 937, certiorari denied 355 U.S. 824, 78 S.Ct. 31, 2 L.Ed.2d 38, a divided court held that, since an order disqualifying an attorney had elements of collateral finality, there should be no distinction in an order refusing to disqualify. But surely that does not follow, for the finality of the two orders is as dissimilar as their results. An order granting disqualification seriously disrupts the progress of the litigation and decisively sullies the reputation of the affected attorney; but one refusing such relief merely allows the action to proceed and has no permanent effect of any kind. Here, as with a motion to dismiss an action or to grant summary judgment, while the affirmative grant of the requested relief is final and appealable, a mere refusal to act is necessarily less conclusive and ought not to be reviewed by this court. The ill effect of the Harmar ruling, which has presumably led to this wasteful appeal where the original issues are altogether lost, is even better demonstrated by that very case itself; the reversal there of the district court's orders led to lengthy delay in the progress of the litigation and ultimately to dismissal for failure to prosecute. Although we did recently reverse this dismissal as improvident,

Colonial Drive-In Theatre, Inc. v. Warner Bros. Pictures, 2 Cir., 262 F.2d 856, the years spent in getting that case under way again ought not often to be repeated.

In this circuit in the past, powerful voices have been heard in support of interlocutory appeals and the continuing surveillance of trial court judges implicit therein. But research of a committee of the Judicial Conference of the United States, headed by the late great Judge Parker, disclosed that a majority of the federal judges were opposed to such a change and felt that the function of appeal was review, rather than trial supervision; and so the Conference limited its recommendations of new appellate jurisdiction to narrowly confined areas where both reviewed and reviewing judges felt that ultimate adjudication would be materially advanced. 28 U.S.C. § 1292(b), effective Sept. 2, 1958. In the light of this experience and this enactment, the desirability of maintaining the settled federal principle against piecemeal appeals seems manifest. This is the position of a majority of the present active circuit judges shown in various rulings usually on motions which have not seemed to call for extensive opinion writing.[1] Hence upon principle and upon these more recent authorities we are constrained to hold the present orders not final for the purpose of appeal.

■ Even though the case thus cannot be accepted on the merits, we have necessarily had to explore them to reach our conclusion; and because conduct of members of the bar has been so severely

[1.] A late unreported decision of this character is that granting the motion to dismiss the appeal in Echelman v. Grusmark, 2 Cir., Dec. 12, 1958, rehearing denied Jan. 15, 1959, per Clark, Hincks, and Lumbard, JJ. The case illustrates the judicial view against expanding existing statutory grants of interlocutory appeals in specified instances—here that of orders in receivership proceedings, certain of which have been appealable under 28 U.S.C. § 1292(a) (2). Other cases refusing to extend appealability in this area include Garden Homes, Inc. v. United States, 1 Cir., 200 F.2d 299, 300;

United States v. Otley, 9 Cir., 116 F.2d 958; Coskery v. Roberts & Mander Corp., 3 Cir., 189 F.2d 234; Skirvin v. Mesta, 10 Cir., 141 F.2d 668; Grand Beach Co. v. Gardner, 6 Cir., 34 F.2d 836; Guardian Trust Co. v. Shedd, 8 Cir., 240 F. 689. Reliance upon Collins v. Miller, 91 U.S.App.D.C. 143, 198 F. 2d 948, 37 A.L.R.2d 746, as being *contra* is not justified; under the unusual probate administration of the District of Columbia an action to remove an administrator must necessarily be instituted in the federal court and refusal of the remedy decisively terminates the proceeding.

questioned, we note our concurrence with the conclusions of the two district judges that respondents have done nothing improper. The strictures are unjustified and unworthy.

Appeals dismissed.

GIBSON, District Judge (concurring).

I concur fully in Judge CLARK'S opinion dismissing these appeals. As a trial judge, I desire to point out that to follow the reasoning of the dissenting opinion will inevitably cause untold harm to one of the purposes causing the adoption of the Civil Rules of Federal Procedure. Rule 1, 28 U.S.C., in part, says: "They shall be construed to secure the just, speedy, and inexpensive determination of every action." The cause of just, speedy and inexpensive justice will be set far, far back if one construes these rules to enlarge the practice of piecemeal appeals. If one party can challenge the propriety of the other party's attorney —and such an order is held appealable, then that litigation must necessarily be delayed until this side question is passed on by the Appellate Court. The Trial Court is perfectly able to pass on any such question—and if required, can require new counsel to take over. The underlying philosophy of the minority opinion is to reinstate piecemeal appeals—that practice which still so dogs and delays and renders litigation expensive in many State Courts.

MOORE, Circuit Judge (dissenting).

In my opinion the order of Judge Herlands is appealable and should be affirmed. As a result of the denial of plaintiff's motion to disqualify the law firm of Phillips Nizer Benjamin & Krim from appearing as attorneys for the defendants the case will have to proceed to trial on the merits against the various defendants, represented by the same attorneys who had represented plaintiff in previous matters. If such representation may be a violation of the canons of ethics so as to taint the entire proceeding this possibility should be tested at the threshold. The disqualification question is wholly collateral to the issues in the litigation and should not be mingled with matters which will be resolved only in a final judgment on the merits. Orderly and expeditious trial procedure would scarcely be achieved were a lengthy trial to be held which might be reversed on appeal were it determined that defendants' attorneys should have been disqualified. The time spent in seeking an adjudication on the merits would thus have been wasted because of an error unrelated to the issues of the case. This court in Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, 2 Cir., 1956, 239 F.2d 555, 556, rehearing denied 2 Cir., 1957, 241 F.2d 937, certiorari denied 1957, 355 U.S. 824, 78 S.Ct. 31, 2 L.Ed.2d 38, held that an order disqualifying an attorney had elements of collateral finality and hence was "within the class of orders described in Cohen v. Beneficial Indus. Loan Corp., 337 U. S. 541, 546, 69 S.Ct. 1221, 1225, 93 L. Ed. 1528." The majority were of the "opinion that with respect to appealability no distinction exists between orders granting disqualification and those refusing to do so" (239 F.2d at page 556). Accordingly the court concluded that the order was appealable.

The illustration used by the majority to demonstrate the difference between granting and denying a motion for summary judgment is inapposite. The granting of a motion for summary judgment terminates the action with finality, whereas the denial reserves final decision for the trial. Issues collateral to the litigation are not being tested on such motions.

The philosophy of appealability expressed by the Supreme Court in the Cohen case, supra, is most applicable here. A comparison of the issues involved in the main litigation and those in this proceeding now on appeal illustrates how unrelated they are. An adjudication of the right of this law firm to remain as the attorneys for the defendants will not "make any step toward final disposition of the merits of the case and will not be merged in final judgment." The determination by the Dis-

trict Court on this motion resulted in the final disposition of a right "which is not an ingredient of the cause of action and does not require consideration with it" (Cohen, supra, 337 U.S. at pages 546–547, 69 S.Ct. at page 1225, 93 L. Ed. 1528).

Here, plaintiff is suing various corporations and an individual for wrongs allegedly perpetrated upon him by them. The disqualification of the attorneys selected by the defendants is wholly collateral to the issues in that case. Useful analogy is to be found in a proceeding to remove administrators. Were the administrators not removed the administration of the estate would have continued under their supervision. If this were improper it would have been "too late effectively to review the order" on final distribution of the estate (Collins v. Miller, 91 U.S.App.D.C. 143, 1952, 198 F.2d 948, 950). The order dismissing the petition for removal was held appealable. So here the question of disqualification of defendants' attorneys can be decided upon facts which are not necessary or relevant to the issues upon which the final judgment must ultimately rest.

As to the merits of the motion to disqualify, the district court carefully and ably reviewed the facts. His conclusion that "[p]laintiff has failed to sustain his burden of proof of establishing a prima facie basis for said motion" is sound. Affirmance should dispose now and for always of this highly collateral controversy. Mere dismissal of the appeal will permit this issue to remain alive only to be reactivated upon a possible future appeal in which the mingling of these diverse issues will create confusion. Consideration should also be given to the practical situation with which some future trial judge will be confronted in ruling on questions of admissible evidence. Plaintiff has had his day (even many days) in court on the merits of disqualification. He has lost on the merits and properly so in my opinion. If there be merit to the principal litigation it should be pursued and disposed of without further delay.